**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WACOH COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 10-617-PD |
| | ) |
| ANALOG DEVICES, INC., ROBERT | ) |
| BOSCH LLC, KIONIX, INC., VTI | ) |
| TECHNOLOGIES, INC. and INVENSENSE | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

**KIONIX'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO
SEVER AND TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 351-9200
rsmith@mnat.com
*Attorneys for Defendant Kionix, Inc.*

*Of Counsel:*

George R. McGuire
Blaine T. Bettinger
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, NY  13202-1355
(315) 218-8000

February 24, 2011

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... iii

I.  INTRODUCTION ...............................................................................................1

II. NATURE AND STAGE OF THE PROCEEDINGS .........................................2

III. SUMMARY OF THE ARGUMENT ................................................................3

IV. STATEMENT OF FACTS .................................................................................4

    A.  Wacoh's Allegations of Patent Infringement .......................................4

    B.  Kionix Is Unrelated To The Other Defendants .....................................5

    C.  New York is the "Center of Gravity" of The Claim Against Kionix.....................5

V.  ARGUMENT ......................................................................................................6

    A.  SEVERANCE OF THE CLAIM AGAINST KIONIX FROM
        CLAIMS AGAINST THE OTHER DEFENDANTS IS PROPER
        UNDER FED. R. CIV. P. 20(a) AND 21 ............................................6

        a.  Legal Standard .........................................................................6

        b.  The Defendants Do Not Share A Common Transaction Or Occurrence ....7

        c.  There Is No Question Of Fact Or Law Common To All Defendants ........9

        d.  Severance Of Kionix Under Fed. R. Civ. P. 21 Is Warranted In The
            Interests of Justice and Judicial Economy ...............................................10

    B.  TRANSFER OF THE CLAIM AGAINST KIONIX TO THE
        UNITED STATES DISTRICT COURT FOR THE NORTHERN
        DISTRICT OF NEW YORK IS PROPER UNDER 28 U.S.C.
        § 1404(a).........................................................................................11

        a.  Legal Standard .......................................................................11

        b.  The Plaintiff Could Have Brought this Action in the Northern District of
            New York.................................................................................12

        c.  Delaware Incorporation Does Not Prevent Transfer ...............................12

        d.  The Private Interest Factors Strongly Favor Transfer .............................13

i.     Plaintiff's Forum Choice Should be Accorded Little Weight.................................................................13

ii.    Defendant's Preferred Forum is the Northern District of New York...................................................14

iii.   The Claim Against Kionix Arose in the Northern District of New York...................................................15

iv.   The Convenience of the Parties Favors Transfer to the Northern District of New York.............................15

v.    The Convenience of the Witnesses Favors Transfer to the Northern District of New York.........................16

vi.   The Location of Documents and Records Favors Transfer to the Northern District of New York.............17

e.    The Public Interest Factors Strongly Favor Transfer...............................17

i.     Practical Considerations Favor Transfer to the Northern District of New York...................................17

ii.    Relative Administrative Congestion Does Not Weigh Against Transfer to the Northern District of New York.....................................................................18

iii.   The Northern District of New York Has a Stronger Interest in Deciding This Dispute.................................19

VI.   CONCLUSION..........................................................................................20

# TABLE OF AUTHORITIES

Page

**CASES**

*Affymetrix, Inc. v. Synteni, Inc.*,
  28 F. Supp. 2d 192 (D. Del. 1998) ...................................................................18

*Androphy v. Smith & Nephew, Inc.*,
  31 F. Supp.2d 620 (N.D. Ill. 1998) ....................................................................9

*Applewhite v. Reichold Chemicals. Inc.*,
  67 F.3d 571 (5th Cir. 1995) ...............................................................................7

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*,
  295 F. Supp. 2d 393 (D. Del. 2002) .................................................................12

*Autodesk Canada Co. v. Assimilate, Inc.*,
  C.A. No. 08-587, 2009 WL 3151026 (D. Del. Sept. 29, 2009) ........................18

*Burstein v. Applied Extrusion Techs., Inc.*,
  829 F. Supp. 106 (D. Del. 1992) ......................................................................14

*Clopay Corp. v. Newell Cos., Inc.*,
  527 F. Supp. 733 (D. Del. 1981) ......................................................................13

*Colt Def. LLC v. Heckler & Koch Def., Inc.*,
  2004 U.S. Dist. LEXIS 28690 (E.D. Va. Oct. 22, 2004)....................................8

*Comair Rotron, Inc. v. Nippon Densan Corp.*,
  49 F.3d 1535 (Fed. Cir. 1995)...........................................................................10

*Continental Cas. Co. v. Am. Home Assurance Co.*,
  61 F. Supp. 2d 128 (D. Del. 1999) ...................................................................14

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*,
  596 F. Supp. 2d 1282 (D. Ariz. 2009) ...............................................................8

*Illumina, Inc. v. Complete Genomics*,
  C.A. No. 10-649, 2010 WL 4818083 (D. Del. Nov. 9, 2010) ....................16, 18

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)..............................................................16, 17, 19

*In re Hoffman-La Roche*,
  587 F.3d 1333 (Fed. Cir. 2009)..........................................................................19

*In re TS Tech*,
   551 F.3d 1315 (Fed. Cir. 2008)................................................................. 16, 19

*Jumara v. State Farm Ins. Co.*,
   55 F. 3d 873 (3d Cir. 1995) ........................................................... 11, 12, 15, 17

*Lony v. E.I. DuPont de Nemours & Co.*,
   886 F. 2d 628 (3d Cir. 1989) ..............................................................................13

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*,
   77 F. Supp. 2d 505 (D. Del. 1999) ................................................. 12, 15, 16, 17

*New Jersey Machine, Inc. v. Alford Industries, Inc.*,
   1991 WL 340196 (D.N.J. Oct. 7, 1991), *aff'd*, 983 F.2d 1087 (Fed. Cir. 1992) ......................8

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch*,
   564 F. Supp. 1358 (D. Del. 1983) .................................................................7, 8, 9

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
   220 F.R.D. 415 (D. Del. 2004) .....................................................................6, 7, 8

*Qinetiq Ltd. v. Oclaro, Inc.*,
   C.A. No. 09-372, 2009 WL 5173705 (D. Del. Dec. 18, 2009).............................12

*Stewart Organization, Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ..............................................................................................11

*Textron Innovations, Inc. v. The Toro Co.*,
   2005 WL 2620196 (D. Del. Oct. 14, 2005) .........................................................19

*TriStrata Tech., Inc. v. Emulgen Labs., Inc.*,
   537 F. Supp. 2d 635 (D. Del. 2008) ....................................................................19

*Virgin Wireless, Inc. v. Virgin Enters. Ltd.*,
   201 F. Supp. 2d 294 (D. Del. 2002) ....................................................................14

*White v. ABCO Engineering Corp.*,
   199 F.3d 140 (3d Cir. 1999) ..................................................................................7

## STATUTES

28 U.S.C. § 1400................................................................................................12

28 U.S.C. § 1404.................................................................................. 1, 4, 11, 12

35 U.S.C. § 121..................................................................................................10

**OTHER AUTHORITIES**

37 C.F.R. § 1.141 ...................................................................................................................... 10

Fed. R. Civ. P. 20(a) .......................................................................................................... passim

Fed. R. Civ. P. 21 ..................................................................................................... 1, 3, 7, 10

Fed. R. Civ. P. 45(b)(2)(c) ...................................................................................................... 16

N.Y. Const. Art. VI § 1(c) ...................................................................................................... 16

*Wright, Miller & Kane,* Federal Practice and Procedure: Civil 3d, § 1683 ................................... 7

## I.      INTRODUCTION

Defendant Kionix, Inc. ("Kionix") respectfully requests that the Court, pursuant to Federal Rules of Civil Procedure 20(a) and 21, sever the claim against Kionix from this suit and transfer the claim to the Northern District of New York under 28 U.S.C. § 1404.

Plaintiff Wacoh Company ("Wacoh") filed this lawsuit in the District of Delaware on July 20, 2010, alleging infringement of four different patents by five unrelated defendants.  However, joinder of Kionix with the other defendants in the present action was improper.  Under Fed. R. Civ. P. 20(a), joinder of multiple defendants in a single action is only appropriate if: (a) any right to relief is asserted against the defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u> (b) any question of law or fact common to all defendants will arise in the action.  Both prongs of this test must be met for joinder to be proper.

In the present case, neither prong of the Rule 20(a) test is satisfied.  There is no right to relief arising out of the same transaction or occurrence since the defendants are unrelated and produce their products with entirely different technologies.  Further, there is no common question of law or fact because, unlike the other defendants, Kionix is alleged to infringe only one of the patents-in-suit and is the *only* defendant alleged to infringe this patent.  Accordingly, Kionix and the other defendants will encounter different questions of law and fact including those surrounding claim construction, validity, and enforceability, among others.

Severance of the claim against Kionix from this action is further warranted in the interests of justice and judicial efficiency.  If Wacoh is permitted to join Kionix in this case, there will inevitably be jury confusion, judicial inefficiency, and unfair prejudice to Kionix resulting from the complex and discordant arguments presented by the unrelated defendants.

A streamlined case involving only the issues related to Kionix would avoid jury confusion and would promote judicial efficiency.

Further, transfer to the Northern District of New York is warranted because the claim against Kionix is exclusively a New York dispute. The **only** connection between the claim against Kionix and Delaware is Kionix's Delaware incorporation. However, Delaware courts have held that Delaware incorporation does not preclude transfer where, as here, the transferee forum is more convenient and has significantly more connections to the litigation. Kionix is headquartered in Ithaca, New York, and the design, manufacturing, and commercialization of the accused products took place in Ithaca.

In contrast, Kionix does not have any offices in Delaware, has no records in Delaware, and does not perform any design, development, or commercialization in Delaware. No witnesses reside in Delaware, and Kionix does not have any customers in Delaware. Further, none of the parties maintains any corporate presence in Delaware since Wacoh is incorporated and headquartered in Japan.

The only conceivable reason for Wacoh to bring the claim against Kionix in the District of Delaware rather than the Northern District of New York was that this district was a venue where Wacoh could bring a single action against this group of completely unrelated defendants. However, because the joinder of Kionix with the other defendants in this action was improper, that reason for bringing the claim in the District of Delaware had no basis. Accordingly, transfer to the Northern District of New York is warranted.

## II.        NATURE AND STAGE OF THE PROCEEDINGS

Wacoh filed this action on July 20, 2010, alleging infringement of four patents by five defendants: Analog Devices, Inc. ("ADI"), Robert Bosch, LLC ("Bosch"), VTI

Technologies, Inc. ("VTI"), Invensense, Inc. ("Invensense") (collectively "the other defendants"), and Kionix.   Complaint, D.I. 1.   Kionix filed its Answer and Counterclaims on December 30, 2010.   Answer, D.I. 18.   On January 24, 2011, Wacoh filed an Answer to Kionix's counterclaims.   Counterclaim Answer, D.I. 33.   No Scheduling Conference has been scheduled, and no discovery has been conducted.   Kionix submits this brief in support of its motion to sever the claims against it from this action pursuant to Fed. R. Civ. P. 20(a) and 21, and to transfer the claims against it to the Northern District of New York pursuant to 28 U.S.C. § 1404(a).

## III.      SUMMARY OF THE ARGUMENT

The claim against Kionix should be severed and transferred to the Northern District of New York for at least the following reasons:

1.      Pursuant to Fed. R. Civ. P. 20(a), joinder of multiple parties is appropriate only if there is both: (a) a right to relief asserted against the defendants jointly, severally, or, in the alternative, a right to relief arising out of a common transaction, occurrence, or series of transactions or occurrences; and (b) a question of law or fact common to all the defendants.   In the present action, Wacoh is unable to satisfy either prong of this  test.   There is no right to relief arising out of the same transaction or occurrence because the defendants are unrelated and produce their products by different technologies.   Further, there is no common question of law or fact among all the Defendants because the only patent Kionix is alleged to infringe – the '823 patent – is not alleged to be infringed by any of the other Defendants.   Joinder of Kionix with the other defendants was therefore improper.

2.      Severance of the claims against Kionix pursuant to Fed. R. Civ. P. 21 is also warranted.   If Wacoh is permitted to join Kionix in this case, there will inevitably be jury confusion, judicial inefficiency, and unfair prejudice resulting from the complex and discordant

arguments presented by the unrelated defendants.  A streamlined case involving only the issues related to Kionix would avoid jury confusion and promote judicial efficiency.

       3.     The claim against Kionix should be transferred to the Northern District of New York for under 28 U.S.C. § 1404 for the convenience of the parties, the convenience of the witnesses, and in the interests of justice and judicial economy.

## IV.     STATEMENT OF FACTS

### A.     Wacoh's Allegations of Patent Infringement

      On July 20, 2010, Wacoh filed a Complaint alleging infringement of U.S. Patent Nos. 6,282,956 ("the '956 patent"); 6,865,943 ("the '943 patent"); and 6,053,057 ("the '057 patent") by ADI, infringement of the '956 patent and the '943 patent by Bosch, VTI, and Invensense, and infringement of U.S. Patent No. 6,314,823 ("the '823 patent") by Kionix. Complaint, ¶¶ 16-20, D.I. 1.  A summary of Wacoh's allegations can be tabulated as follows (where "X" indicates that Wacoh has alleged infringement of that patent by that defendant):

| The Patents-in-Suit | ADI | Bosch | VTI | Invensense | Kionix |
|---|---|---|---|---|---|
| U.S. Pat. No. 6,282,956 | X | X | X | X | |
| U.S. Pat. No. 6,865,943 | X | X | X | X | |
| U.S. Pat. No. 6,053,057 | X | | | | |
| U.S. Pat. No. 6,314,823 | | | | | X |

      Kionix is alleged to infringe only the '823 patent, and only Kionix is alleged to infringe that patent.  Complaint, ¶ 18, D.I. 1.  With the exception of being accused of infringing a

patent owned by the Plaintiff, the single claim against Kionix has nothing in common with the claims against the other four defendants, either legally or factually. The allegation of infringement of the '823 patent does not involve any other defendant to the action, nor do any of the allegations against the four other defendants involve Kionix.

**B.  Kionix Is Unrelated To The Other Defendants**

Kionix is unrelated to any of the other four defendants in this action. Galvin Decl. ¶ 12. Kionix's KXSD9 line of MEMS motion-sensing linear accelerometers and inclinometers, which are alleged by Wacoh to infringe the '823 patent, are distinct in design and operation from the accused products offered by the other Defendants. *Id.* ¶ 15. Further, Kionix's sensors are designed, developed, manufactured, and sold independently from the other defendants. *Id.* ¶¶ 13-14.

Wacoh does not allege that the multiple defendants or their accused products are related, or that the defendants are jointly and severally liable for the alleged infringement of the patents-in-suit. Nor does Wacoh allege that there is any common transaction or occurrence that would support proper joinder of all the defendants. Similarly, Wacoh does not allege that there is any single question of law or fact common to all defendants. Instead, Wacoh alleges that Kionix individually infringes the '823 patent with products that are unrelated to the other defendants' accused products.

**C.  New York is the "Center of Gravity" of The Claim Against Kionix**

The "center of gravity" of the claim against Kionix is New York. Kionix's principal place of business is Ithaca, New York, and has deep roots in the area. Galvin Decl. ¶¶ 2, 4. Indeed, Kionix's connections to the Northern District of New York are substantial. It was formed almost 20 years ago by two members of Cornell University, which is also based in

Ithaca.  *Id.* ¶ 2.  The accused devices were designed and developed in Ithaca.  *Id.* ¶ 7.  The accused devices are currently manufactured in Ithaca.  *Id.* ¶ 8.  All relevant design, development, and sales records are maintained in the Ithaca, New York area.  *Id.* ¶ 10.  Most, if not all, third-party witnesses are located in the Ithaca area, or are within the subpoena power of the Northern District of New York.

In contrast, the District of Delaware has no connection to this lawsuit, except that Kionix is incorporated here.  Kionix has no property, offices, or employees in Delaware.  *Id.* ¶¶ 4, 6.  The accused devices are not manufactured or sold in Delaware.  *Id.* ¶¶ 8-9.  There are no relevant business records in Delaware.  *Id.* ¶ 10.  Further, plaintiff Wacoh is incorporated in Japan and has its principal place of business in Saitama, Japan.  Complaint, ¶ 1, D.I. 1.  Upon information and belief, Wacoh has no property, offices, employees, witnesses, or relevant business records in Delaware.

## V.    ARGUMENT

### A.    SEVERANCE OF THE CLAIM AGAINST KIONIX FROM CLAIMS AGAINST THE OTHER DEFENDANTS IS PROPER UNDER FED. R. CIV. P. 20(a) AND 21

a.  <u>Legal Standard</u>

Federal Rule of Civil Procedure 20(a) provides that:

> Persons…may be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; **and** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).  Under this two-pronged test, joinder is only appropriate if:  (1) there is a right to relief predicated upon or arising out of a single transaction, occurrence, or series thereof; and (2) there is some question of law or fact common to all

defendants.   "In order to permit joinder, both tests must be satisfied."   *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) (citing *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch*, 564 F. Supp. 1358, 1370 (D. Del. 1983)).   Severance of claims is proper due to misjoinder where these preconditions for permissive joinder under Federal Rule of Civil Procedure 20(a) are absent.   *Wright, Miller & Kane,* Federal Practice and Procedure: Civil 3d, § 1683.

Additionally, Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.   The court may also sever any claim against a party."   Fed. R. Civ. P. 20(a)(2).   Severance under Rule 21 is invoked by courts in the Third Circuit to serve the paramount interests of justice and judicial economy. *See, e.g.*, *Philips Elecs. N. Am. Corp.*, 220 F.R.D. at 418 (ordering severance in "[t]he interests of justice" under Rule 21); *White v. ABCO Engineering Corp.*, 199 F.3d 140, 145 (3d Cir. 1999) (holding that severance under Rule 21 can be invoked in "the interests of judicial economy"); *see also, Applewhite v. Reichold Chemicals. Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) ("Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice.").

### b.   The Defendants Do Not Share A Common Transaction Or Occurrence

Wacoh does not satisfy the first prong of the Rule 20(a) test because there is no single transaction or occurrence common to all the Defendants.   The Defendants named in Wacoh's Complaint are separate and distinct entities.   Galvin Decl. ¶ 12.   There is no relationship between Kionix and any of the other Defendants, and the Complaint contains no allegation that Kionix is jointly and severally liable with any of the other Defendants for any alleged infringement of the patents-in-suit.   Courts in this Circuit and many other jurisdictions

have held that allegations against multiple unrelated defendants for independent acts of patent infringement do not set forth a right to relief predicated upon or arising from the same transaction or occurrence. *See, e.g.*, *Philips Elecs. N. Am. Corp.*, 220 F.R.D. at 418 (because there was no claim that one defendant's alleged infringement was related to another defendant's alleged infringement, there was "no allegation that the actions of both defendants arise out of the same transaction or series of transactions"); *Paine, Webber, Jackson & Curtis, Inc.*, 564 F. Supp. at 1370-71 ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *accord New Jersey Machine, Inc. v. Alford Industries, Inc.*, 1991 U.S. Dist. LEXIS 20376, 1991 WL 340196 at *1 (D.N.J. Oct. 7, 1991), *aff'd*, 983 F.2d 1087 (Fed. Cir. 1992) ("[i]nfringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder…"); *see also Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) ("The authority from other courts provides that allegations against multiple and unrelated defendants for acts of patent, trademark, and copyright infringement do not support joinder under Rule 20(a)."); *Colt Def. LLC v. Heckler & Koch Def., Inc.*, 2004 U.S. Dist. LEXIS 28690, at *13 (E.D. Va. Oct. 22, 2004) ("[T]he overwhelming authority from other jurisdictions indicates that allegations against multiple and unrelated defendants for independent acts of patent, copyright and/or trademark infringement do not set forth claims arising from the same transaction or occurrence within the meaning of Rule 20(a).").

Further, the defendants named in Wacoh's Complaint offer different products and technologies, as Wacoh itself alleges. In the Complaint, Wacoh alleges that defendant ADI infringes one or more claims of the '956 patent, the '943 patent, and the '057 patent by making, offering to sell, selling, and/or using "sensors that are capable of or use the same or similar

**method for detecting force or angular velocity**," while defendants Bosch, VTI, and Invensense infringe one or more claims of the '956 patent and the '943 patent by making, offering to sell, selling, and/or using "sensors that are capable of or use the same or similar **detection of angular velocity**."    Complaint, ¶¶ 16-17 & 19-20, D.I. 1.   In contrast, Wacoh alleges that Kionix infringes one or more claims of the '823 patent by making, offering to sell, selling, and/or using "sensors that are capable of or use the same or similar **detection of force**."   Complaint, ¶ 18, D.I. 1.   The fact that the defendants are alleged to infringe different patents – and that *only* Kionix's products are alleged to infringe the '823 patent – evidences the fact that the defendants' technologies are different, and thus that there is no common transaction or occurrence such that joinder would be proper.  *See, e.g.*, *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (finding joinder of defendant companies selling different products improper despite allegations that the defendants infringed the same patents).

    c.  <u>There Is No Question Of Fact Or Law Common To All Defendants</u>

Under the second prong of the Rule 20(a) test, there must be a question of law or fact common to all defendants in the action for the proper joinder of multiple defendants. Several courts have held that there is a common question of fact or law for purposes of Rule 20(a) where a plaintiff alleges that defendants have infringed or contributed to the infringement of the *same* patent.  *See, e.g., Paine, Webber, Jackson & Curtis, Inc.*, 564 F. Supp. at 1370 n.9 ("No dispute exists between the parties that common questions of fact and law exist because both Paine Webber and Dean Witter allege that the [patent at issue] is invalid and unenforceable.").

Here, however, there is no common question of law or fact among all the Defendants.   Wacoh alleges in the Complaint that Kionix, unlike all the other Defendants,

infringes a patent that no other Defendant is alleged to infringe.  As the table in Section IV.A makes abundantly clear, Kionix will encounter questions relating to only the '823 patent, and only Kionix will encounter these questions.  Because there is no question of law or fact common to Kionix and the other defendants, joinder of Kionix with the other defendants in this action was improper, and severance is warranted.

Any asserted relatedness of the patents-in-suit does not remedy the lack of a common question of law or fact.  "[S]eparate patents describe separate and distinct inventions and it can not be presumed that related patents rise and fall together."  *Comair Rotron, Inc. v. Nippon Densan Corp.*, 49 F.3d 1535, 1539 (Fed. Cir. 1995) (citing 35 U.S.C. § 121 and 37 C.F.R. § 1.141).  Each of the asserted patents will raise unique questions of claim scope, validity, and enforceability.  Because only Kionix is alleged to infringe the '823 patent, only Kionix will encounter questions of fact or law related to these allegations or this patent.  Further, because Kionix is not alleged to infringe any of the other patents-in-suit, it will not encounter questions of fact or law regarding these other patents.  Accordingly, even if the '823 patent were alleged to be related to the remaining patents-in-suit, there is no question of fact or law common to all defendants in the action such that joinder of Kionix with the other defendants is proper under Rule 20(a).

        d.  <u>Severance Of Kionix Under Fed. R. Civ. P. 21 Is Warranted In The Interests of Justice and Judicial Economy</u>

Even if Wacoh could satisfy both prongs of the Rule 20(a) test, which, as discussed above, it cannot, severance is still warranted here in the interests of justice and judicial economy.  Allowing the case to proceed against the unrelated defendants would result in confusion of the jury, judicial inefficiency, and unfair prejudice to Kionix, among other things.

Kionix would be prejudiced, for example, by the number of simultaneously presented yet dissimilar arguments that a jury would be asked to analyze if Wacoh were allowed to join the other defendants.    Further, during trial, Kionix would present fact and expert witnesses about the '823 patent, Kionix's accused products, damages, and other issues that would be entirely unrelated to the many witnesses and issues presented by the other defendants. A streamlined case involving only the issues related to Kionix would avoid jury confusion and would promote judicial efficiency.

**B.    TRANSFER OF THE CLAIM AGAINST KIONIX TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK IS PROPER UNDER 28 U.S.C. § 1404(a)**

   a.   Legal Standard

Section 1404(a) provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  This section "vest[s] district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer."  *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 883 (3d Cir. 1995) (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988)).  In determining whether to transfer a case pursuant to § 1404(a), courts in the Third Circuit analyze certain public and private interest factors.  The private interest factors include:

> (1) the convenience and preference of the parties, including the plaintiff's choice of forum and the defendant's forum preference; (2) where the claim arose; (3) the convenience of the parties; (4) the convenience of the witnesses; and (5) the location of relevant records.

*Jumara*, 55 F.3d at 879-80.  The public interest factors include:

> (1) the enforceability of judgment; (2) practical considerations that could make the trial easier, quicker, and less expensive; (3) court congestion; (4) local interest in the controversy; (5) public policies of the forum state; and (6) the trial judge's familiarity with applicable state law.

*Id.*

Here, both the private and public interest factors favor transfer of the claim against Kionix from the District of Delaware to the Northern District of New York.

### b.  The Plaintiff Could Have Brought this Action in the Northern District of New York

Pursuant to § 1404(a), a court may transfer a claim only to another district where the case might originally have been brought.  In patent infringement litigation, a court where the action might originally have been brought is one "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  Because Kionix's principal place of business is in Ithaca, New York, and because Kionix's accused sensor is manufactured and sold in New York, the Northern District of New York is a proper venue for the claim against Kionix.

### c.  Delaware Incorporation Does Not Prevent Transfer

This Court has held that although a defendant's incorporation in Delaware is relevant to the determination of venue, it is not dispositive and should not preclude transfer where an alternative forum is more convenient and has more substantial connections to the litigation.  *See, e.g., APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002) ("Where an alternative forum is more convenient and has more substantial connections with the litigation incorporation in Delaware will not prevent transfer."); *Qinetiq Ltd. v. Oclaro, Inc.*, C.A. No. 09-372, 2009 WL 5173705, at *7 (D. Del. Dec. 18, 2009) ("[I]t is

clear that a party's incorporation in Delaware is not dispositive of a motion to transfer."); *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 509 n.6 (D. Del. 1999) (noting that a defendant's state of incorporation "is certainly not dispositive" and is neither "mentioned in § 1404" nor identified as a factor in *Jumara*.)   Accordingly, Kionix's incorporation in Delaware does not preclude transfer to the substantially more convenient venue of the Northern District of New York.

d.   <u>The Private Interest Factors Strongly Favor Transfer</u>

As discussed below, the balance of the private interest factors strongly favor transfer of the claim against Kionix to the Northern District of New York.  *See* "Summary of Factors Chart," (attached hereto as Exhibit A).

i.  *Plaintiff's Forum Choice Should be Accorded Little Weight*

Although it is clear that a plaintiff's choice of forum is typically accorded substantial weight, "[t]he preference in favor of plaintiffs' choice of forum is not adopted blindly or without reason." *Clopay Corp. v. Newell Cos., Inc.*, 527 F. Supp. 733, 736 (D. Del. 1981). Instead, the plaintiff is expected to choose a forum that "reflect[s] their rational and legitimate concerns." *Id.*

In this case, Plaintiff has not chosen Delaware to reflect any rational and legitimate concern.  Instead, Plaintiff's choice of Delaware as the venue for the claim against Kionix was the result of blatant misjoinder.  In effect, Plaintiff's misjoinder and choice in forum brings together five completely unrelated defendants in a discordant action with no ties to Delaware other than incorporation of some of the parties here.  If Kionix had not been improperly joined to the present action but instead had been properly named as the sole defendant in a separate action, the action would have absolutely no ties to Delaware other than Kionix's incorporation.

Further, the rule giving deference to the plaintiff's choice of forum is premised on the assumption that a home forum is more convenient than a transferee forum. *Lony v. E.I. DuPont de Nemours & Co.*, 886 F. 2d 628, 634 (3d Cir. 1989). In this case, Plaintiff is incorporated in Japan and has a principal place of business in Saitama, Japan (Complaint, ¶ 1, D.I. 1), resulting in nearly identical travel times and costs for Plaintiff whether the case proceeds in Delaware or New York. Accordingly, because Delaware is not Plaintiff's "home turf" or the site of the alleged infringement, Plaintiff's choice in forum is accorded less weight. *See Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d 294, 300 (D. Del. 2002); *Continental Cas. Co. v. Am. Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999) ("[T]he transfer of a case will generally be regarded as less inconvenient to a plaintiff if the plaintiff has not chosen its home turf or a forum where the alleged wrongful activity occurred."); *Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 110 (D. Del. 1992) ([w]hen the plaintiff has chosen to bring suit in a district that is not plaintiff's home turf and that has no connection to any acts giving rise to the lawsuit, convenience to the plaintiff is not as great as it would be were plaintiff litigating at or near plaintiff's principal place of business or at the site of activities at issue in the lawsuit."). This factor, therefore, is neutral.

### ii. *Defendant's Preferred Forum is the Northern District of New York*

For the many reasons discussed herein, Kionix would prefer to litigate this matter in the Northern District of New York. Although Kionix is incorporated in Delaware, its principal place of business is located within the boundaries of the Northern District of New York, and all relevant records and witnesses reside within that district. Galvin Decl. ¶¶ 4, 10. Accordingly, this factor weighs in favor of transfer.

### iii.  The Claim Against Kionix Arose in the Northern District of New York

The design, development, manufacturing, and commercialization of Kionix's KXSD9 line of MEMS motion-sensing linear accelerometers and inclinometers, which are alleged by Wacoh to infringe the '823 patent, occurs within the boundaries of the Northern District of New York.  Galvin Decl. ¶¶ 7-8.  Kionix's principal place of business is located in Ithaca, New York.  Further, there are no offices, production facilities, records, or customers in Delaware.  Galvin Decl. ¶¶ 4, 9.  Accordingly, the alleged claims against Kionix arose in the Northern District of New York.  This factor, therefore, weighs heavily in favor of transfer.

### iv.  The Convenience of the Parties Favors Transfer to the Northern District of New York

Kionix is headquartered in Ithaca, New York, within the boundaries of the Northern District of New York.  Galvin Decl. ¶ 4.  Kionix's management and development personnel reside within the Northern District of New York, and many of Kionix's material witnesses reside within the Northern District of New York.  Kionix has no property, employees, offices, or records located within the District of Delaware.  Galvin Decl. ¶ 4, 6, and 10.  It would be significantly more convenient for Kionix to litigate this matter in the Northern District of New York.

Wacoh's principal place of business is in Japan, equidistant from both the District of Delaware and the Northern District of New York.  Complaint, ¶ 1, D.I. 1.  Wacoh does not appear to have any offices, properties, records, or employees located in the District of Delaware. It would be equally convenient to Wacoh to litigate the claim against Kionix in Northern District of New York.  Accordingly, this factor weighs in favor of transfer.

>    *v.  The Convenience of the Witnesses Favors Transfer to the Northern
>         District of New York*

Convenience of the witnesses should be considered where "the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. Convenience of non-party witnesses carry more weight than witnesses that are employees of the party, because parties are obligated to procure the attendance of their employees at trial. *See Mentor Graphics Corp.*, 77 F. Supp. 2d at 510.

Kionix anticipates that certain non-party witnesses residing outside the subpoena power of the District of Delaware but within the subpoena power of the Northern District of New York – such as witnesses involved in the prosecution of the patents-in-suit and witnesses involved in damages issues – will be vital to Kionix's defense and counterclaims.

In contrast, Wacoh's material witnesses are likely to include individuals, such as the inventor of the patent-in-suit, who appear to reside in Japan. As this Court has previously noted, courts in the District of Delaware have no more subpoena power over these foreign witnesses than does any other district, including the Northern District of New York. *See Mentor Graphics*, 77 F. Supp. 2d at 512. However, the Northern District of New York does have subpoena power over the patent prosecution firm responsible for the '832 patent. *See* Power of Attorney form for the 09/614,850 Application (attached hereto as Exhibit B). The New York offices of Ladas & Parry, LLP are located at 1040 Avenue of the Americas, New York, NY 10018 (formerly 26 West 61st Street, New York, NY 10018), within the subpoena power of the Northern District of New York under Fed. R. Civ. P. 45(b)(2)(c) and N.Y. Const. Art. VI § 1(c).

Because the Northern District of New York is significantly more convenient for Kionix's non-party witnesses, and either equally convenient or more convenient for Wacoh's witnesses, this factor weighs heavily in favor of transfer.

   *vi. The Location of Documents and Records Favors Transfer to the Northern District of New York*

   The Federal Circuit has made clear in recent years that the location of records and evidence remains a factor in the transfer analysis, even in this electronic age. *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech*, 551 F.3d 1315 (Fed. Cir. 2008). The vast majority of relevant documents in this case are located at Kionix's headquarters and facilities in the Northern District of New York, weighing in favor of transfer to that venue. *See Illumina, Inc. v. Complete Genomics*, C.A. No. 10-649, 2010 WL 4818083, at *10 (D. Del. Nov. 9, 2010) (noting that although the documents could be produced in the transferor forum, the fact that they were located in the transferee forum weighed in favor of transfer, albeit minimally) (citing *In re Genentech*, 566 F.3d at 1345 ("[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.").

   e. <u>The Public Interest Factors Strongly Favor Transfer</u>

   As with the private interest factors, the applicable public interest factors enumerated in *Jumara* favor transfer of the claim against Kionix from the District of Delaware to the Northern District of New York. *See* Summary of Factors Chart (attached hereto as Exhibit A).

   *i. Practical Considerations Favor Transfer to the Northern District of New York*

   The Northern District of New York is the least expensive and most efficient forum to litigate this action, because Kionix and the vast majority of evidence and witnesses are located there. As discussed previously, Kionix is incorporated under the laws of the State of Delaware, but has its principal place of business is Ithaca, New York. Galvin Decl. ¶ 4.

Kionix's management and development personnel reside within the Northern District of New York, and many of Kionix's material witnesses reside within the Northern District of New York. The location of the parties, witnesses, documents, and physical evidence all would make the case more efficient and less expensive if it were transferred to the Northern District of New York.

Kionix is represented by counsel admitted to practice in the Northern District of New York.  Requiring this action to continue in the District of Delaware would force Kionix to incur significant travel costs as well as local counsel fees.  *See Mentor Graphics Corp.*, 77 F. Supp. 2d 510 n.7 (noting the parties' saving local counsel expenses as a factor in favor of transfer); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 205-06 (D. Del. 1998). Accordingly, Kionix would achieve significant savings by being able to litigate this matter in the Northern District of New York.

In contrast, Wacoh is headquartered in Japan and will thus incur similar travel expenses regardless of whether this case is litigated in the District of Delaware or the Northern District of New York.  Further, Wacoh will be required to retain local counsel admitted to practice in the Northern District of New York just as it has in Delaware.  Accordingly, Wacoh will incur similar costs regardless of where the action is litigated.

Because it would be more efficient and less expensive to litigate this matter in the Northern District of New York, this factor weighs in favor of transfer.

> ii. *Relative Administrative Congestion Does Not Weigh Against Transfer to the Northern District of New York*

When weighing the relative congestion of courts within the transferor and transferee districts, courts in this district have looked to statistics such as the median time from filing to jury trial in civil cases.  *See Illumina, Inc.*, 2010 WL 4818083, at *11; *Autodesk Canada Co. v. Assimilate, Inc.*, C.A. No. 08-587, 2009 WL 3151026, at *7 (D. Del. Sept. 29, 2009).

Federal Court Management statistics from 2009, the most recent year available, show that the median time from filing to jury trial was 34 months in the District of Delaware and 31 months in the Northern District of New York. *See* Federal Court Management statistics, attached hereto as Exhibit C.

Another relevant statistic is the weighted filings per judge, which were slightly higher in the District of Delaware – 478 weighted filings per judgeship – than the Northern District of New York, with 450 weighted filings per judgeship. *See* Exhibit C. These differences are so minor as to be negligible. *See Illumina, Inc.*, 2010 WL 4818083, at *11 ("Although the parties presented various arguments and statistical reports concerning court congestion in the fora at issue, neither side clearly shows that the administrative difficulty resulting from court congestion weighs in favor of one forum over the other."); *Textron Innovations, Inc. v. The Toro Co.*, 2005 WL 2620196, at *3 (D. Del. Oct. 14, 2005) ("[T]he court is not persuaded that any disparity in court congestion, to the extent there is any, will be so great as to weigh strongly in favor of a transfer."). Accordingly, this favor neither favors nor disfavors transfer.

### iii. The Northern District of New York Has a Stronger Interest in Deciding This Dispute

Although the District of Delaware has held that "[p]atent issues do not give rise to a local controversy or implicate local interests," *TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008), the Federal Circuit has recently emphasized that the parties' principal place of business and the witnesses and local evidence can provide a local interest in such a case. *See, e.g., In re TS Tech*, 551 F.3d at 1321; *In re Genentech*, 566 F.3d at 1347-48; *In re Hoffman-La Roche*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (noting that the local interest may also be "strong because the cause of action calls into question the work and

reputation of several individuals residing in or near that district and who presumably conduct business in that community.").   Because Kionix's principal place of business is located in the Northern District of New York, and the company's scientists, employees, witnesses, and evidence are located there, this factor weighs in favor of Kionix.

## VI.    CONCLUSION

For the foregoing reasons, Kionix respectfully requests that the Court sever the claim against it and transfer that claim to the Northern District of New York.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 351-9200
rsmith@mnat.com
*Attorneys for Defendant Kionix, Inc.*

*Of Counsel:*

George R. McGuire
Blaine T. Bettinger
BOND SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, NY 13202-1355
(315) 218-8000

February 24, 2011

4104480

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 24, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard K. Herrmann
> Mary Matterer
> MORRIS JAMES LLP
>
> Richard L. Horwitz
> POTTER ANDERSON & CORROON, LLP
>
> Elena C. Norman
> Pilar G. Kraman
> YOUNG CONAWAY STARGATT & TAYLOR, LLP

I further certify that I caused copies of the foregoing document to be served on February 24, 2011, upon the following in the manner indicated:

Richard K. Herrmann                               *VIA ELECTRONIC MAIL*
Mary Matterer
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19806

Matthew J.M. Prebeg                               *VIA ELECTRONIC MAIL*
Stephen W. Abbott
Chris M. Faucett
CLEARNMANPREBEG LLP
815 Walker, Suite 1040
Houston, TX  77002

Alisa Lipski                                      *VIA ELECTRONIC MAIL*
Goldstein & Vowell, LLP
1177 West Loop South
Suite 400
Houston, TX  77027

Richard L. Horwitz                                      *VIA ELECTRONIC MAIL*
POTTER ANDERSON & CORROON, LLP
1313 N. Market Street, 6th Floor
P.O. Box 951
Wilmington, DE  19899-0951

Gianni Cutri                                            *VIA ELECTRONIC MAIL*
Jared Barcenas
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654

Elena C. Norman                                        *VIA ELECTRONIC MAIL*
Pilar G. Kraman
YOUNG CONAWAY STARGATT &
    TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

Andrew E. Monach                                       *VIA ELECTRONIC MAIL*
Marcelo Guerra
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482

Stuart J. Sinder                                       *VIA ELECTRONIC MAIL*
Mark A. Chapman
Matthew J. Fuast
KENYON & KENYON LLP
One Broadway
New York, NY  10004

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)