**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WACOH COMPANY | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 1:10-cv-00617-PD |
| | § | |
| ANALOG DEVICES, INC., and | § | |
| ROBERT BOSCH LLC, | § | Honorable Paul S. Diamond |
| KIONIX, INC.; | § | |
| VTI TECHNOLOGIES, INC. and | § | |
| INVENSENSE, INC.; | § | |
|     Defendants. | § | |

**WACOH'S RESPONSE TO KIONIX'S MOTION**
**TO SEVER AND TO TRANSFER VENUE**

MORRIS JAMES LLP
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
Tel. (302) 888-6800
Fax (302) 571-1750
Email: rherrmann@morrisjames.com
Email: mmatterer@morrisjames.com

*Attorneys for Plaintiff Wacoh Company*

OF COUNSEL:

CLEARMANPREBEG LLP
Matthew J.M. Prebeg (Admitted *Pro Hac Vice*)
(Texas Bar No. 00791465)
815 Walker, Suite 1040
Houston, Texas 77002
Phone: (713) 223-7070
Facsimile: (713) 223-7071
mprebeg@clearmanprebeg.com

Dated: March 14, 2011

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... III

I.      NATURE AND STAGE OF THE PROCEEDINGS ....................................... 1

II.     SUMMARY OF THE ARGUMENT .............................................................. 2

III.    STATEMENT OF FACTS ............................................................................. 2

IV.     ARGUMENT ................................................................................................. 3

        A.  TRANSFER TO THE NORTHERN DISTRICT OF NEW YORK WOULD BE
            IMPROPER UNDER 28 U.S.C. § 1404(A) AND APPLICABLE CASELAW. ......... 3

        1.  Legal Standards for Transfer of Venue.................................................. 3

        2.  The Private Interest Factors Favor Delaware......................................... 6

                a.      The Patent Venue Statute, 28 U.S.C. § 1400, Favors Delaware................. 6

                b.      Kionix Fails to Meet its Burden of Showing the Factors "Strongly Weigh
                        in Favor of Transfer." ................................................................. 6

                c.      Kionix's Preference for the Northern District of New York Should be
                        Accorded No Weight. ................................................................. 7

                d.      The "Where the Claim Arose" Private Interest Factor is No Longer
                        Considered in Transfer Analysis, and Fails to Support Kionix's Motion... 7

                e.      The "Convenience of the Parties" by Location Factor Favors Delaware. .. 8

                f.      The "Convenience and Availability of the Witnesses" Factor Does Not
                        Favor Transfer........................................................................... 11

                g.      The "Location of Records and Other Documents" Factor Also Does Not
                        Favor Transfer........................................................................... 12

        3.  The Public Interest Factors Also Favor Delaware. ............................... 13

                a.      The "Enforceability of the Judgment" Factor Favors Delaware............... 13

b.      The "Practical Considerations that Could Make the Trial Easy, Expeditious, or Inexpensive" Factor Favors Delaware..............................14

c.      The "Relative Administrative Congestion" Factor Favors Delaware.......15

d.      The "Local Interest in Deciding the Dispute" Factor Favors Delaware...15

B.  SEVERANCE IS NOT PROPER HERE UNDER FED.R.CIV.P. 21 AND 20(A)...16

1.  Legal Standards for Severance.............................................................................16

2.  Wacoh's Claims Relate to a Series of Transactions or Occurrences and Involve Common Questions of Fact and Law as to All Defendants that Preclude Severance.......................................................................................................16

V.      CONCLUSION..............................................................................................................19

# TABLE OF AUTHORITIES

**CASES**

*Acuity Brands, Inc. v. Cooper Industries, Inc.*,
      C.A. No. 07-444-GMS, 2008 WL 2977464 (D. Del. July 31, 2008)........ 3, 4, 6, 10, 12, 15, 16

*Affymetrix, Inc. v. Synteni, Inc.*,
      28 F.Supp.2d 192, 199 (D. Del. 1998).................................................................. 4, 5, 7, 9, 11

*Ballard Med. Prod. v. Concord Laboratories, Inc.*,
      700 F.Supp. 796, 801 (D. Del. 1983)) ................................................................................. 5, 7

*Bergman v. Brainin*,
      512 F.Supp. 972, 973 (D. Del. 1981)....................................................................................... 3

*Carl Zeiss Meditec, Inc. v. Xoft, Inc.*,
      C.A. No. 10-308-LPS-MPT, 2010 WL 4024603 (D. Del.Oct. 13, 2010).............................. 12

*Eolas Technologies, Inc. v. Adobe Systems, Inc.*,
      No. 6:09-CV-446, 2010 WL 3835762 (E.D. Tex. 2010)........................................................ 18

*Gielata v. Heckman*,
      C.A. No. 10-378-LPS-MPT, 2010 WL 3940815 (D. Del. Oct. 6, 2010)............... 3, 5, 6, 9, 14

*Illumina, Inc. v. Complete Genomics, C.A.*,
      C.A. No. 10-649, 2010 WL 4818083 (D. Del. Nov. 9, 2010) ................................................ 13

*ING Bank, FSB v. Palmer*,
      Civ. No. 09-CV-897-SLR, 2010 WL 3907825 (D. Del. Sept. 29, 2010) .......................... 3, 12

*Jones Pharma, Inc. v. KV Pharm. Co.*,
      No. Civ. A. 03-786 JJF, 2004 WL 323109 (D. Del. Feb. 17, 2004)...................................... 15

*Jumara v. State Farm Ins. Co.*,
      55 F.3d 873, 879 (3d Cir. 1995). ........................................................................... 4, 5, 7, 12

*Markman v. Westview Instruments, Inc.*,
      517 U.S. 370, 390-1, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996) ............................................ 17

*MyMail, Ltd. v. America Online, Inc.*,
      223 F.R.D. 455, 456 (E.D. Tex. 2004) .................................................................... 16, 18, 19

*N.J. Machine Inc. v. Alford Indus., Inc.*,
      Civ. A. No. 89-1879(JCL), 1991 WL 340196 (D. N.J. Oct. 7, 1991) .................................... 18

*Nice Sys., Inc. v. Witness Sys., Inc.*,
      No. Civ. A 06-311-JJF, 2006 WL 2946179 (D. Del. Oct. 12, 2006)................................... 5, 7

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch*,
   564 F.Supp. 1358 (D. Del. 2004) ........................................................................ 18

*Quantum Loyalty Systems v. TPG Rewards, Inc.*,
   Civ. No. 09-022-SLR, 2009 WL 890644 (D. Del. April 2, 2009) ........................ 3, 4, 6, 10, 12

*Shutte v. Armco Steel Corp.*,
   431 F.2d 22, 25 (3rd Cir. 1970) ........................................................................... 3

*Sunds Defibrator, Inc. v. Durametal Corp.*,
   No. CIV. A. 96-483 MMS, 1997 WL 74660 (D. Del. Jan. 31, 1997) .................... 11

*Truth Hardware Corp. v. Ashland Prods., Inc.*,
   No. C.A. 02-1541 GMS, 2003 WL 118005 (D. Del. Jan. 13, 2003) ...................... 4

*Turn of the Century Solution, L.P. v. Int'l Rectifier Corp.*,
   No. Civ. 05-816-SLR, 2006 WL 1653143 (D. Del. Jun. 15, 2006) ....................... 13

*United Mine Workers v. Gibbs*,
   383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1996) ................................... 19

**STATUTES**

28 U.S.C. § 1391(c) .................................................................................................. 3

28 U.S.C. § 1400 ...................................................................................................... 6

28 U.S.C. § 1400(a) .................................................................................................. 3, 6

28 U.S.C. § 1404 ...................................................................................................... 2, 3

**RULES**

Fed.R.Civ.P. 20(a) ................................................................................................... 16, 19

Fed.R.Civ.P. 21 ........................................................................................................ 16

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Wacoh filed this suit on July 20, 2010 against five defendants for infringing upon four of Wacoh's closely related patents pertaining to electronic force and/or angular velocity sensors.[1] The original five defendants were: Analog Devices, Inc. ("ADI"); Robert Bosch, LLC ("Bosch"); VTI Technologies, Inc. ("VTI"); Invensense, Inc. ("Invensense"); and Kionix, Inc. ("Kionix").[2]  Wacoh dismissed ADI from the action on November 12, 2010.[3]

Wacoh served Kionix on November 10, 2010[4] and agreed to Kionix's request for an extension to answer until December 31, 2010, which the Court granted.[5]  Kionix filed an answer and counterclaims on December 30, 2010.[6]

In its answer, Kionix admitted both jurisdiction and "venue is proper in this Court for this particular action."[7]  Kionix also reiterated, in its counterclaims against Wacoh, that "Venue is proper in this Court."[8]  Kionix demanded a jury trial in this jurisdiction[9] and did not contest joinder or venue anywhere in its answer or counterclaims.[10]  Kionix now asks, however, to be severed from the action and have Wacoh's claims against it transferred to the Northern District of New York.

No Scheduling Conference has been set and discovery is expected to begin soon.  Wacoh submits this brief in opposition to Kionix's motion to sever Wacoh's claims and to transfer venue to the Northern District of New York.

---

1  Complaint, D.I. 1.
2  *Id*.
3  D.I. 7.
4  D.I. 6.
5  D.I. 11, 14.
6  Kionix's Answer and Counterclaims, D.I. 33.
7  *Id*. at 2, ¶¶ 7-8.
8  *Id*. at 5, ¶ 34.
9  *Id*. at 7.
10  *See generally*, *id*.

1

## II.    SUMMARY OF THE ARGUMENT

All defendants are Delaware corporations, but with headquarters scattered across North America.  Because Wacoh is a foreign corporation without a United States office, this district is the most efficient venue for this action, maximizing judicial economy and convenience for all parties.  A plaintiff's choice of venue is entitled to "paramount" consideration and will not be disturbed lightly unless the movant can show the balance of factors strongly favors transfer under 28 U.S.C. § 1404.  Kionix's motion fails to meet this burden.

Joinder, moreover, is to be liberally encouraged, and severance is typically discouraged unless it can be shown clearly to be the best way to serve judicial economy.  Kionix also fails to meet this burden.  This action, involving Delaware defendants' infringement of several related patents, will require the parties to consider and analyze related patent specifications, a large volume of identical prior art references, and to construe related patent claim terms concerning the use of capacitance for excitation and sensing in MEMS devices, thereby raising common questions of fact and law that make joinder proper and severance inappropriate.  Transferring venue or severing the claims into separate actions would waste judicial resources and lead to inconsistency and uncertainty with respect to the patents' scope.

## III.   STATEMENT OF FACTS

Plaintiff Wacoh is incorporated in Japan, has its principal place of business in Saitama, Japan, and does not maintain offices in the United States.[11]  The defendants are domestic corporations scattered across the country – each having offices in a different state: Kionix in New York, Invensense in California, Bosch in Illinois, VTI in Michigan.[12]

---

11  Complaint, D.I. 1 at ¶ 1.
12  *Id*. at 1-2.  Former defendant ADI, moreover, was headquartered in Massachusetts.  *Id*.

All defendants, however – Kionix, Bosch, VTI, and Invensense – are incorporated in Delaware.[13]  Kionix has been incorporated in Delaware since at least 1993.[14]  As discussed below, in light of the common questions of fact and law involving the defendants and the distance between each's principal place of business, Wacoh elected to sue the defendants here in Delaware, where all are incorporated, as allowed under 28 U.S.C. § 1391(c) and 28 U.S.C. § 1400(a), in an effort to maximize both judicial economy and efficiency and convenience for all concerned.[15]

## IV.   ARGUMENT

### A.  TRANSFER TO THE NORTHERN DISTRICT OF NEW YORK WOULD BE IMPROPER UNDER 28 U.S.C. § 1404(a) AND APPLICABLE CASELAW.

#### 1.  <u>Legal Standards for Transfer of Venue.</u>

In a motion to transfer venue under 28 U.S.C. § 1404(a), the "burden of establishing the need to transfer rests with the movant."[16]  A movant has the burden of establishing "that the balance of convenience of the parties and witnesses *strongly favors* the defendants.'"[17]  Put differently:

> Transfer will be denied "if the factors are evenly balanced or weigh only slightly in favor of the transfer," or if a change in venue merely shifts the inconvenience to the nonmovant."[18]

---

13  *Id*. at 2.

14  See the Declaration of Matthew J.M. Prebeg attached to this memorandum as Exhibit A.

15  *Id*.

16  *ING Bank, FSB v. Palmer*, 2010 WL 3907825 (2010) at *1; *see also Quantum Loyalty Systems v. TPG Rewards, Inc*., 2009 WL 890644 (D. Del. 2009) at *1.

17  *Quantum Loyalty at *1*, *citing Bergman v. Brainin*, 512 F.Supp. 972, 973 (D. Del. 1981) (emphasis added); *see also Acuity Brands, Inc. v. Cooper Industries, Inc*., 2008 WL 2977464 (D. Del. 2008) at *1, *citing Shutte v. Armco Steel Corp*., 431 F.2d 22, 25 (3rd Cir. 1970) ("unless the balance of convenience strongly favors a transfer in favor of [the] defendant, the plaintiff's choice of forum should prevail").

18  *Gielata v. Heckman*, 2010 WL 3940815 (D. Del. 2010) at *2 (citations omitted).

3

A Court must defer to the plaintiff's choice of forum "as long as a plaintiff has selected the forum for some legitimate reason."[19]  A "plaintiff's choice of venue," therefore "[will] not be lightly disturbed."[20]

While a plaintiff's decision to sue in a district other than its "home turf" district (defined as "the forum closest to the plaintiff's residence or principal place of business which can exercise personal jurisdiction over the defendants at the time the lawsuit is filed"[21]) can, in some circumstances, indicate that transfer would not be inconvenient for the plaintiff,[22] here Delaware is the only logical place for Wacoh to sue.  Given the disparate states in which the various defendants maintain their headquarters, and given that all defendants are Delaware corporations, Delaware is the domestic forum closest to Wacoh's residence (Japan) "which can exercise personal jurisdiction over the defendants" here.  Under the definition of "home turf," Delaware arguably is Wacoh's home turf venue in the context of this case.

Even if Delaware is not viewed as Wacoh's home turf forum, though, Wacoh's choice of Delaware is still considered "paramount" when weighing these factors and will not be disturbed lightly.

> Regardless of whether the plaintiff is leaving or remaining on his "home turf" to file suit in Delaware, the degree of consideration paid to this choice stays the same – it is "paramount."[23]

The movant thus must show the "balance of convenience and the interests of justice" *strongly* weighs in favor of transfer upon the court's consideration of multiple private and public interest factors relevant under the circumstances of the particular case.  It is the movant's

---

19  *Quantum Loyalty* at *1 (citations omitted).
20  *Acuity Brands* at *1, *citing Truth Hardware Corp. v. Ashland Prods., Inc.*, 2003 WL 118005 (D. Del. 2001) at *1 and *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).
21  *Gielata* at *2, *citing Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 197 (D. Del. 1998).
22  *See, e.g.*, *Quantum Loyalty* at *1.
23  *Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 199 (D. Del. 1998).

"responsibility to prove that litigating in the plaintiff's [chosen] forum [Delaware] 'would pose a unique or unusual burden on its operations.'"[24]   Mere "inconvenience to a defendant is insufficient to warrant transfer."[25]

The Third Circuit has developed a list of private and public interest factors a district court may consider in determining motions to transfer venue.  The private interests include:

> [T]he plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their physical and financial condition, the convenience of the expected witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records, but only to the extent that they could not be produced in the alternative forum.[26]

The Public interest factors include:

> [T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two for a resulting from court congestion; [and] the local interest in deciding local controversies at home, the public policies of the fora.[27]

As discussed in this memorandum, Kionix fails to meet its burden of showing these private and public factors weigh even slightly in favor, much less "strongly in favor," of transfer.  Nor does Kionix meet its burden of showing proceeding in the state where it chose to incorporate "would pose a unique or unusual burden on its operations."[28]   This case thus should remain in Delaware where all the defendants are incorporated.

---

24  *Gielata v. Heckman*, 2010 WL 3940815 at *2, *citing Amgen, Inc. v. Ariad Pharm., Inc.*, 513 F.Supp.2d 34, 45 (D. Del. 2007).

25  *Gielata*, *citing Nice Sys., Inc. v. Witness Sys., Inc.*, 2006 WL 2946179 (D. Del. 2006) ("A transfer is not warranted 'simply because the transferee court is more convenient for defendants.'") (*citing Ballard Med. Prod. v. Concord Laboratories, Inc.*, 700 F.Supp. 796, 801 (D. Del. 1983)).

26  *Gielata* at *1 and n.1, *citing Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192 (D. Del. 1998) and *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

27  *Gielata*, *citing Jumara* at 879-80.

28  *Gielata* at *2.

## 2.   **The Private Interest Factors Favor Delaware.**

### a.   **The Patent Venue Statute, 28 U.S.C. § 1400, Favors Delaware.**

Kionix correctly points out one section of the patent venue statute allows plaintiffs to sue infringers "where the defendant resides…has committed acts of infringement and has a regular and established place of business."[29]   The prior section of that statute, however, also allows a patent plaintiff to file suit in "the district in which the defendant or his agent resides or may be found."[30]   This includes suits against Delaware corporations in Delaware.

> Delaware clearly has a substantial interest in maintaining lawsuits brought by its corporate citizens and between Delaware corporations.  Having received the benefits of Delaware incorporation, a defendant cannot now complain that another corporation has chosen to sue it there.[31]

Thus, while the patent venue statute allows Wacoh to sue the defendants in the various districts where they maintain headquarters (New York, California, Illinois, and Michigan), it also allows a consolidated suit against them here, where all have chosen to incorporate, in the interest of judicial economy and for the convenience of all concerned.

### b.   **Kionix Fails to Meet its Burden of Showing the Factors "Strongly Weigh in Favor of Transfer."**

As plaintiff's choice of forum is "paramount" and should not be disturbed[32] "as long as a plaintiff has selected the forum for some legitimate reason."[33]  Kionix fails to demonstrate how Wacoh's decision to sue the defendants in Delaware, where all have chosen to incorporate, and when the four defendants maintain their headquarters in four separate states scattered across North America, is in any way "irrational" or fails to reflect a "legitimate concern."   On the contrary, because Wacoh has no U.S. office, and because the defendants are scattered across the

---

29  Motion, D.I. 39 at 12, citing 28 U.S.C. § 1400(b).
30  28 U.S.C. § 1400(a).
31  *Acuity Brands* at *2 (citations omitted).
32  *Gielata* at *2.
33  *Quantum Loyalty* at *1 (citations omitted).

United States but incorporated here, Delaware is the maximally efficient and logical place to file suit – especially where the defendants are infringing upon closely related patents whose specifications, cited prior art, and claim term constructions will involve important, common questions of fact and law.

### c. Kionix's Preference for the Northern District of New York Should be Accorded No Weight.

As this Court has noted, the "plaintiff and defendant's preference" private interest factors "collapse into" other, more central, factors in the list, such as the convenience of the parties and the location of documents.[34]  This Court consistently has held, however, that mere "inconvenience to a defendant is insufficient to warrant transfer."[35]  As discussed in the following sections, Kionix fails to show how litigating where it has chosen to incorporate is inconvenient, and in the end expresses nothing more than a mere preference for its chosen forum. A defendant's mere preferences for a different venue, however, is given no weight in this test.[36]

### d. The "Where the Claim Arose" Private Interest Factor is No Longer Considered in Transfer Analysis and Fails to Support Kionix's Motion.

This Court also has noted the "Where the Claim Arose" private interest factor, originally enumerated by the Third Circuit in *Jumara,* similarly "collapses into other listed factors," such as the "convenience of the parties, witnesses, and evidence" factor, and should not to be considered separately.[37]  Kionix fails to note this in its motion, instead arguing this factor weighs in favor of transfer because Wacoh's infringement claims against it allegedly arose in New York, where

---

34  *Affymetrix*, 28 F.Supp.2d at 201.

35  *Affymetrix*, *citing Nice Sys., Inc. v. Witness Sys., Inc.*, 2006 WL 2946179 (D. Del. 2006) ("A transfer is not warranted 'simply because the transferee court is more convenient for defendants.'") (*citing Ballard Med. Prod. v. Concord Laboratories, Inc.*, 700 F.Supp. 796, 801 (D. Del. 1983)).

36  *Affymetrix* at 201 ("The Court…affords no weight to [a defendant's] mere preference to be elsewhere.")

37  *Affymetrix* at 201.

Kionix makes its products and maintains its principal place of business.[38]   That fact, however, even if true (which Wacoh contests), is not considered separately here.

Kionix also claims its "accused devices are not sold in Delaware,"[39] but its sole support for that assertion is the slightly different statement in its President's declaration that Kionix "does not have any customers in Delaware."[40]   Kionix's website, however, includes a prominent link for online sales of its products domestically in all 50 states and around the world.[41]   The website also advertises Kionix as "a *global* leader in the design and manufacture of…inertial sensors" and emphasizes its very "corporate mission" is to "bring the best…inertial sensor technology to the *global marketplace*."[42]   Kionix thus fails to show it has no connection to this district apart from Kionix's choice to maintain its incorporation in Delaware.

Because Kionix's own website boasts it sells products globally and maintains prominent links where customers anywhere in the United States or around the world may buy them online,[43] Kionix cannot reasonably argue its production and sale of infringing products took place solely in the Northern District of New York, or that it did not know, and could not have anticipated, its products would be used or sold in Delaware.

### e.   The "Convenience of the Parties" by Location Factor Favors Delaware.

A plaintiff's choice of forum may not be disturbed unless the movant can "prove litigating in the plaintiff's forum 'would pose a unique or unusual burden on its operations,'" and that "the balance of convenience of the parties and witnesses strongly favor [transfer]."[44] Transfer is not proper if the factors are evenly balanced, *or even when they (unlike here) slightly*

---

38  Motion, D.I. 39 at 15.
39  Motion, D.I. 39 at 6.
40  Galvin Decl., D.I. 40 at 2, ¶9.
41  Prebeg Decl. attached to this memorandum as Exhibit A.
42  *Id*. (emphasis added).
43  *Id*.

*favor transfer*, given the strong policy in favor of the plaintiff's choice of forum.[45]  Kionix fails

to meet this burden of showing why the circumstances strongly favor the Northern District of

New York over Delaware.

Simple logic dictates Delaware to be the most convenient district for Wacoh to sue these

defendants.  Kionix correctly points out Wacoh is a Japanese corporation without United States

offices and thus practically is "equidistant from both the District of Delaware and the Northern

District of New York."[46]  That fact, however, favors Delaware, not New York.  As noted, all of

the defendants are Delaware corporations, but with headquarters scattered around the United

States (New York, California, Illinois, and Michigan).  Delaware is thus the most efficient and

practical venue for Wacoh to sue the various defendants in this case.  No other forum is common

to the defendants and Wacoh otherwise would be forced to file four separate suits across the

country.

This district also cannot be considered inconvenient for the defendants.  Even though the

defendants have headquarters around the country, all chose to incorporate in Delaware, and all

are "multi-million-dollar corporations with interests and activities spanning the globe."[47]  This

Court requires a showing of "some sort of 'unique or unexpected' burden" to demonstrate

Delaware is an inconvenient forum,[48] and even has ruled it is not inconvenient for companies to

travel "six thousand miles round trip" from California to litigate here.[49]

---

44  *Gielata* at *2.
45  *Gielata* at *2.
46  Motion, D.I. 39 at 15.
47  *Affymetrix* at 201 (finding Delaware not inconvenient for companies headquartered in California who "must travel over six thousand miles round trip" to Delaware, given the companies' global reach, and since Delaware would be "equally inconvenient for all the parties").
48  *Gielata* at * 2.
49  *Id.*

Kionix, in particular, cannot reasonably claim Delaware is inconvenient given its long-term incorporation here. Kionix, "[h]aving received the benefits of Delaware incorporation…cannot now complain that another corporation has chosen to sue it here."[50]

Kionix is also not a small, regional corporation located far from the jurisdiction that might argue some hardship litigating here. It is, rather, as advertised on its website, a "global" company, selling its products around the world.[51] Moreover, Kionix states its headquarters are in Ithaca, New York -- less than 200 miles from this Court.[52] Thus, even if Kionix were a merely regional business (which it is not), it still would be considered within this "region" and could not reasonably argue inconvenience.

> With respect to the defendant's character, it is headquartered approximately 127 miles from Wilmington, Delaware [in New York]. Even if this court were to characterize defendant as more of a "regional" (rather than a national) enterprise, it is less than compelling to argue that Delaware is not part of the region, given Delaware's proximity to New York (as noted above, 127 miles as the crow flies….[53]

The remaining defendants also now have filed a motion to transfer venue to the Northern District of California – across the country from Kionix's proposed Northern District of New York – in which they claim that "[t]o the extent Kionix's Motion to Sever and Transfer is not granted, Kionix joins in this motion."[54] Kionix's claim that Delaware, less than 200 miles from its headquarters, is inconvenient thus rings hollow when Kionix apparently is perfectly willing and able to litigate across the country from its headquarters in the Northern District of California. The "parties' respective locations" factor thus strongly favors Delaware.

---

50 *Acuity Brands* at *2.
51 Prebeg Decl.
52 Galvin Decl., D.I. 40 at 1, ¶4.
53 *Quantum Loyalty* at *2 (refusing a New York corporation's motion to transfer venue from Delaware to New York federal court).
54 See Motion to Transfer Venue filed by defendants' Invensense; VTI Technologies, Inc.; and Robert Bosch, LLC, D.I. 42, at 1.

### f. The "Convenience and Availability of the Witnesses" Factor Does Not Favor Transfer.

Kionix claims, but without providing any specifics or support by declaration or otherwise, that it merely "anticipates…certain non-party witnesses resid[e] outside the subpoena power of the District of Delaware but within the subpoena power of the Northern District of New York."[55]  It also presumes Wacoh also will have material witnesses outside the district, since Wacoh is incorporated in Japan.  This factor, however, does not weigh in favor of transfer.  First:

> Party witnesses or witnesses who are employed by a party carry no weight in the "balance of convenience" analysis since each party is able, indeed obligated to procure the attendance of its own employees for trial.[56]

Similarly:

> Expert witnesses or witnesses who are retained by a party to testify carry little weight in determining where the "balance of convenience" lies (especially in an action for patent infringement) because they "are usually selected [on the basis] of their reputation and special knowledge without regard to their residences and are presumably well compensated for their attendance, labor and inconvenience, if any.[57]

Even where other, non-party-controlled fact witnesses may exist outside a jurisdiction's subpoena power, that fact is not enough to tip the balance in favor of transfer, particularly where the moving party fails, as Kionix does here, to identify and describe the expected testimony of all or any such witnesses.

> Finally, with respect to the numerous "unnamed" individuals possibly residing in Silicon Valley who might possess some knowledge about either the prior art or the underlying facts giving rise to the lawsuit, the Court affords them no weight in its "balance of convenience" analysis.  Given the complete lack of specificity with which these witnesses were identified and the absence of "adequate information with respect to the content and materiality" of their testimony, the Court has no other choice but to discount them in its weighing test.[58]

---

55  Motion, D.I. 39 at 16.
56  *Affymetrix* at 203.
57  *Affymetrix* at 203.
58  *Affymetrix* at 205, *citing*, *inter alia*, *Sunds Defibrator, Inc. v. Durametal Corp.,* 1997 WL

Because Kionix fails to specifically identify which important witnesses will be outside the jurisdiction or what their testimony allegedly will entail, Kionix fails to show how this factor does not favor Delaware.

Kionix also fails to prove any such alleged fact witnesses, even if assumed to exist, are unwilling to come to Delaware to testify.[59]   This Court frequently has discounted the fact that independent witnesses may exist outside its subpoena power given the low percentage of cases that actually go to trial and the fact that witnesses can be deposed anywhere.[60]   This factor therefore also fails to favor transfer.

### g.   The "Location of Records and Other Documents" Factor Also Does Not Favor Transfer.

A court "should consider the location of books and records in its [transfer] analysis only to the extent that the files could not be produced in the alternative forum."[61]   The fact discovery today can be conducted anywhere, and the reality of electronic document discovery, significantly have reduced the weight of this factor.[62]   Kionix here fails to argue, much less demonstrate, that

---

74660 (D. Del. 1997) at *3 (for the proposition that "failing to specify the identity and testimony of potential witnesses fails to tip the balance of convenience in favor of transfer").

59   *See Carl Zeiss Meditec, Inc. v. Xoft, Inc.*, 2010 WL 4024603 (D. Del. 2010) at *2 (refusing to transfer even where third-party witnesses likely existed outside the Delaware District's subpoena power, where "[the movant] produced no substantiated evidence that third-party witnesses were unwilling to appear for trial," and noting that, in any case, "'a flight to Delaware is not an onerous task warranting transfer'"); *accord Acuity Brands* at *2.

60   *ING Bank* at *1, n.1 (refusing to transfer where the moving party showed several independent witnesses existed in Washington State, holding "Given that less than 20% of all cases go to trial, and that witnesses can be deposed where they work, this argument is unpersuasive at this time"), *citing Quantum Loyalty Sys. v. TPG Rewards, Inc.*, 2009 WL 890644 (D. Del. 2009) at *2, n.3; *see also Quantum Loyalty* at *2 (finding a New York defendant's arguments for transfer "unpersuasive" "[g]iven electronic discovery, electronic means for recording depositions, and the fact that trials go forward in less than 20% of all cases").

61   *Acuity Brands* at *3, *citing Jumara*, 55 F.3d at 879.

62   *Acuity Brands* at *3 (denying transfer to a Georgia-based Delaware corporation where most documents were shown to be located in Georgia, given that discovery can be conducted at any location, that "modern technology allows for the easy exchange of electronic discovery, and

any relevant documents that may exist at its Ithaca, New York, headquarters could not be produced in discovery in this district where it is incorporated.

The sole Delaware case Kionix cites in discussing this factor, *Illumina, Inc. v. Complete Genomics, C.A.*, C.A. No. 10-649, 2010 WL 4818083 (D. Del. Nov. 9, 2010) at *4, found the location of documents in that case weighed only "*minimally* in favor of transfer." Even if all the factors here, on balance, were found slightly to favor transfer, however, that would not be enough to overcome the strong presumption in favor of the plaintiff's chosen forum.[63] Moreover, *Illumina* is distinguishable, because all of the parties there – plaintiff and defendants – maintained their principal places of business in Northern California.[64] Here, however, the defendants maintain headquarters in different states, making Delaware – the state where all defendants are incorporated – the most logical and efficient forum for discovery.

Apart from the reality of electronic discovery, Kionix also cannot reasonably argue it would be difficult for it to produce even physical documents in this Court when its Ithaca, New York, headquarters is less than 200 miles away. This factor thus also fails to support transfer.

### 3. The Public Interest Factors Also Favor Delaware.

#### a. The "Enforceability of the Judgment" Factor Favors Delaware.

Kionix fails to discuss this public interest factor,[65] but it too favors Delaware, not transfer. Because all of the defendants are Delaware corporations and no party has contested this Court's jurisdiction, it is undisputed this Court has the power to enforce any judgment it might render against one or more Delaware defendants.

---

where the movant failed to show "the relevant documents could not be produced in Delaware"), *citing Turn of the Century Solution, L.P. v. Int'l Rectifier Corp.*, 2006 WL 1653143 (D. Del. 2006) at *3.

63 *Gielata* at *2.

64 *Illumina* at *1, *7.

65 *See generally*, Motion, D.I. 39.

### b. The "Practical Considerations that Could Make the Trial Easy, Expeditious, or Inexpensive" Factor Favors Delaware.

The list of prior art references cited on the face of the patent asserted against Kionix, U.S. Patent No. 6,314,823 ("the '823 Patent," Exhibit D to Complaint, D.I. 1) is almost entirely coincident with the prior art cited on the faces of the patents asserted against the other remaining defendants, U.S. Patent Nos. 6,282,956 ("the '956 Patent," Exhibit A to Complaint) and 6,865,943 ("the '943 Patent," Exhibit B to Complaint).  Of the 61 U.S. Patent Documents cited on face of the '823 Patent, 60 of those references are cited on the face of either the '956 Patent or the '943 Patent.  Of the 32 Foreign Patent Documents cited on face of the '823 Patent, 26 of those references are cited on the face of either the '956 Patent or the '943 Patent.

Because this is a patent infringement matter, with counterclaims for invalidity and non-infringement, this court will likely need to consider each party's analysis of the prior art as it relates to patent validity, claim construction, and infringement analysis, and to make claim constructions of same or related terms.  If this court were to sever and transfer the claims, the task of analyzing this prior art would necessarily also be assigned to one or two other courts. This would be inefficient and could lead to inconsistent results.

Delaware is the logical and maximally efficient place to bring this suit.  Wacoh is a foreign corporation, and all defendants are Delaware corporations but maintain their headquarters in different states around the country.  Proceeding here serves judicial economy by limiting this action, with common questions of law and fact, to a single suit in Delaware, where all defendants are incorporated, without forcing Wacoh to bring multiple suits in different locations in the United States, and without requiring other courts to perform the same analysis of prior art that will be required in Delaware.[66]

---

66  Note defendants have filed requests to transfer claims both to the Northern District of New

### c.  The "Relative Administrative Congestion" Factor Favors Delaware.

Kionix itself admits this factor does not support transfer and instead deems it merely neutral.[67]  Kionix cites 2009 Federal Court Management statistics showing Delaware had 478 "weighted filings per judgeship" that year, while the Northern District of New York had only 450.[68]  The same statistics, however, actually reveal Delaware to be the more efficient and uncongested district under almost every other metric, with significantly fewer pending cases per judgeship (375 vs. 515 for the Northern District of New York), a substantially lower "median time from filing to disposition" (8.3 months vs. 10.3), and even fewer civil filings during the time period (281 vs. 300).[69]  This factor therefore is not neutral, as Kionix argues, but actually favors Delaware.

### d.  The "Local Interest in Deciding the Dispute" Factor Favors Delaware.

Kionix argues the Northern District of New York has a greater interest in resolving this patent infringement case because Kionix's books and records are at its Ithaca, New York headquarters.[70]  However, in Delaware "[i]t is well settled that patent rights are not considered state or local matters and do not implicate local interests."[71]

Kionix seeks to circumvent this rule by reiterating its "convenience" arguments, but this simply collapses this public interest factor into the several private interest factors, which, as already discussed, actually favor Delaware.  Delaware, however, "clearly has a substantial interest in maintaining lawsuits brought by its corporate citizens and between Delaware

---

York and on the other side of the country in the Northern District of California. *See* D.I. 39, 42.

67  Motion, D.I. 39 at 29.

68  Exhibit C to Motion, D.I. 39.

69  Exhibit C to Motion, D.I. 39.

70  Motion, D.I. 39 at 20.

71  *Acuity Brands* at *3, *citing Jones Pharma, Inc. v. KV Pharm. Co.*, 2004 WL 323109 (D. Del. 2004), at *3.

corporations."[72]  All of the defendants here are Delaware corporations, and Kionix, in particular, has raised counterclaims against Wacoh, admitting venue to be proper and even seeking a jury trial.  This factor, if anything, thus actually favors Delaware.

Kionix thus fails to meet its heavy burden of showing these private and public factors weigh "strongly in favor" transfer.  On the contrary, the various factors overwhelmingly weigh in favor of Wacoh's choice of Delaware as the venue for its suit against these defendants.  The motion to transfer therefore should be denied.

## B.  SEVERANCE IS NOT PROPER HERE UNDER FED.R.CIV.P. 21 AND 20(A).

### 1.  Legal Standards for Severance.

Kionix correctly notes district courts have the power to sever claims under Fed.R.Civ.P. 21, where doing so will serve judicial economy, and when the moving party can show the conditions for permissive joinder under Fed.R.Civ.P. 20(a) are absent.   Under Fed.R.Civ.P. 20(a), joinder is appropriate when the right to relief is "predicated upon or arises out of a series of transactions or occurrences and involves some question(s) of law or fact common to all defendants."

Rule 20(a)'s "series of transactions or occurrences" requirement is met "if there is some connection or logical relationship between the various transactions or occurrences," and that "logical relationship," in turn, "exists if there is some nucleus of operative facts or law."[73]

### 2.  Wacoh's Claims Relate to a Series of Transactions or Occurrences and Involve Common Questions of Fact and Law as to All Defendants that Preclude Severance.

Wacoh's suit alleges the defendants here all have infringed, and continue to infringe, one or more claims of Wacoh's related "'823, '943, and/or '956" patents – citing a large list of

---

72  *Acuity Brands* at *2.
73   *MyMail, Ltd. v. America Online, Inc*., 223 F.R.D. 455, 456 (E.D. Tex. 2004) (denying severance where several defendants all were alleged to have infringed the plaintiff's patent).

common prior art references, and containing related claim terms that will need to be construed via *Markman* hearing and all relating to the detection/sensing of acceleration, force, and/or angular velocity.[74]   Kionix fails to address this inevitable fact.

Kionix also fails properly to support the claims in its motion that its products were "developed" and "sold" "independently of the other Defendants,"[75] that Kionix's accused products allegedly "are unrelated to the other defendants' accused products,"[76] and that its infringing products "are distinct in design and operation from the accused products offered by other Defendants."[77]

Kionix's only offered support for these claims is the declaration statement of its President that "*To the extent I have any understanding of the other defendants' accused products*, Kionix's KXSD9 line of MEMS sensors are distinct in design and operation from these accused products."   This carefully worded sentence, however, is meaningless in that it fails to establish the President has any understanding whatsoever of the other defendants' accused products.   The extent of his understanding, apart from pure imagination or conjecture, could be zero and logically must be assumed to be so for the purpose of Kionix's motion, since he fails to swear to any degree of understanding.   Kionix's claim it was improperly joined as a defendant because its products allegedly are unrelated to those of other defendants therefore fails because it relies entirely on this empty, noncommittal statement by its President, and thus is left wholly unsupported.

---

74  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390-1, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996); *see also* Complaint, D.I. 1 at 3 (U.S. Patent No. 6,314,823 entitled "Force Detector and Method of Manufacturing Same"; No. 6,865,943 entitled "Angular Velocity Sensor"; and No. 6,282,956 entitled "Multi-Axial Angular Velocity Sensor").
75  Motion, D.I. 39 at 5; Gavin Decl., D.I. 40 at ¶¶ 13-14.
76  Motion, D.I. 39 at 5.
77  *Id.*

Moreover, in the patent infringement context:

> More significant to the court than whether the parties are related or whether they share marketing and sales efforts is whether the plaintiff alleges any *connection or substantial similarity between the machines at issue*.[78]

Wacoh here alleges the various defendants have violated one or more of its related patents pertaining to the detection of acceleration, force, and/or angular velocity with a MEMS sensor.  There is therefore a close "connection or substantial similarity" between the patented devices at issue creating a common nucleus of operative facts and/or law and "logical relationship" necessary to satisfy Rule 20(a)'s "series of transactions or occurrences" and "common questions of law or fact" requirements.

Kionix's argument that "infringement by different defendants does not satisfy Rule 20's same transaction requirements," and that separate proceedings are required "simply because unrelated defendants are alleged to have infringed the same patent," is "a hypertechnical one that perhaps fails to recognize the realities of complex, and particularly patent, litigation."[79]  Such an argument "elevates form over substance," by failing to "further the goals of Rule 20, especially for discovery and motion purposes."[80]  This is especially true here, where discovery is only about to begin.[81]

---

[78] *MyMail*, 223 F.R.D. at 457 (emphasis added), *citing N.J. Machine Inc. v. Alford Indus., Inc.*, 1991 WL 340196 (D. N.J. 1991) at *2; *accord Eolas Technologies, Inc. v. Adobe Systems, Inc.,* 2010 WL 3835762 (E.D. Tex. 2010).

[79] *MyMail* at 457.

[80] *MyMail at 457.*

[81] *MyMail* at 457, distinguishing a case Kionix cites, *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch*, 564 F.Supp. 1358 (D. Del. 2004), in which the court allowed severance, because, in that case, "the decision to sever was made after discovery was complete," and because the decision failed to articulate whether the court found the acts of infringement "different" because they were separate acts or because the acts or products themselves were dissimilar.

The joinder rule, Rule 20(a), rather, is intended "to increase judicial efficiency by allowing related claims against different parties to be tried together."[82]

> The prospect of inconsistent claim construction favors resolving related patent cases in the same forum when possible.  Besides being a duplicative use of scarce judicial resources, two claim constructions risk inconsistency, create greater uncertainty regarding the patent's scope, and impede the administration of justice.[83]

Severing the defendants here, on the other hand, "would decrease judicial efficiency by requiring duplicitous claim constructions, discovery, and pretrial motions."[84]  This would be true even if such severed claims were tried separately here, but especially so if any were transferred to other venues – something, as discussed above, that also would be improper in this case.

## V.    CONCLUSION.

For the foregoing reasons, Kionix's motion to sever and transfer venue should be denied.

/s/ Richard K. Herrmann
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES LLP 500 Delaware
Avenue, Suite 1500
Wilmington, DE 19899-2306
Tel. (302) 888-6800
Fax (302) 571-1750
Email: rherrmann@morrisjames.com
Email: mmatterer@morrisjames.com

*COUNSEL FOR PLAINTIFF,
WACOH COMPANY*

OF COUNSEL:

CLEARMANPREBEG LLP
Matthew J.M. Prebeg (Texas Bar No. 00791465)
815 Walker, Suite 1040
Houston, Texas  77002
Tel.:      (713) 223-7070
Fax:      (713) 223-7071
Email:    mprebeg@clearmanprebeg.com

---

82  *Mymail* at 457, *citing United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1996).

83  *MyMail* at 458 (citations omitted).

84  *Id.*

19