# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WACOH COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 10-617-PD |
| | ) |
| ANALOG DEVICES, INC., ROBERT | ) |
| BOSCH LLC, KIONIX, INC., VTI | ) |
| TECHNOLOGIES, INC. and INVENSENSE | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## KIONIX'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO
## SEVER AND TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 351-9200
rsmith@mnat.com

*Of Counsel:*                                                    *Attorneys for Defendant Kionix, Inc.*

George R. McGuire
Blaine T. Bettinger
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, NY  13202-1355
(315) 218-8000
gmcguire@bsk.com
bbettinger@bsk.com

March 24, 2011

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

I.    INTRODUCTION ..................................................................................................... 1

II.    ARGUMENT ............................................................................................................ 2

    A.    SEVERANCE OF THE CLAIM AGAINST KIONIX IS WARRANTED UNDER FED. R. CIV. P. 20(a) AND 21 ............................................................ 2

        a.    Without a Common Transaction Or Occurrence, Severance of the Claims Against Kionix is Proper ............................................................... 2

        b.    Without a Question of Fact or Law Common to All Defendants, Severance of the Claim Against Kionix is Proper ..................................... 4

        c.    Severance Of Kionix Under Fed. R. Civ. P. 21 Is Warranted In The Interests of Justice and Judicial Economy ................................................ 5

    B.    TRANSFER OF THE CLAIM AGAINST KIONIX TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK IS PROPER UNDER 28 U.S.C. § 1404(a) .................................... 5

        a.    The Private Interest Factors Strongly Favor Transfer .............................. 6

            i.    The Patent Venue Statute, 28 U.S.C. § 1400, Does Not Favor Any Forum ................................................................. 6

            ii.    Because Plaintiff's Forum Choice is the Result of Misjoinder, it Should be Accorded Little Weight .......................... 6

            iii.    Defendant Has Set Forth Numerous Reasons as to Why the Defendant's Preferred Forum is the More Convenient Forum ...................................................................................... 6

            iv.    The Claim Against Kionix Arose in the Northern District of New York ................................................................................. 7

            v.    The Convenience of the Parties Strongly Favors Transfer ............. 7

            vi.    The Convenience of the Witnesses and Location of Relevant Documents and Records Strongly Favors Transfer ......... 8

        b.    The Public Interest Factors Strongly Favor Transfer ................................ 9

III.    CONCLUSION ...................................................................................................... 10

## **TABLE OF AUTHORITIES**

Page

**CASES**

*Androphy v. Smith & Nephew*,
   31 F. Supp. 2d 620 (N.D. Ill. 1998) ...............................................................................4

*Deskovic v. City of Peekskill*,
   673 F. Supp. 2d 154 (S.D.N.Y. 2009) ............................................................................3

*Eolas Techs, Inc. v. Adobe Systems, Inc.*,
   2010 WL 3835762 (E.D. Tex. 2010) ..............................................................................4

*Illumina, Inc. v. Complete Genomics*,
   2010 WL 4818083 (D. Del. Nov. 9, 2010) ..................................................................8, 9

*In re LimitNone, LLC*,
   551 F.3d 572 (7th Cir. 2008) ..........................................................................................5

*Mekiki Co., Ltd. v. Facebook, Inc.*,
   2010 WL 2348740 (D. Del. 2010) ..................................................................................6

*MyMail, Ltd. v. America Online, Inc.*,
   223 F.R.D. 455 (E.D. Tex. 2004) ...................................................................................4

*N.J. Machine Inc. v. Alford Indus., Inc.*,
   1991 WL 340196 (D.N.J. 1991) .....................................................................................4

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
   220 F.R.D. 415 (D. Del. 2004) .......................................................................................2

**STATUTES**

28 U.S.C. § 1400 ...................................................................................................................6

28 U.S.C. § 1404(a) ..........................................................................................................1, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. Rule 11 ..........................................................................................................3

Fed. R. Civ. P. Rule 20 ............................................................................................... 1, 2, 3, 4

Fed. R. Civ. P. 21 ..............................................................................................................2, 5

John R. Allison & Mark A. Lemley, *Empirical Evidence on the Validity of Litigated Patents*, 26 AIPLA Q.J. 185 (1998) .............................................................................10

## I.      INTRODUCTION

Defendant Kionix, Inc. ("Kionix") submits this Reply Memorandum in Support of its Motion to Sever and Transfer Venue to the Northern District of New York. D.I. 38. Plaintiff Wacoh Company ("Wacoh" or "Plaintiff") opposes Kionix's motion to sever based solely on the argument that because defendants have violated "related" patents, there is both a common question of law or fact and a common transaction or occurrence, thereby satisfying both prongs of the Rule 20(a) test. This argument, however, would permit joinder of claims against multiple defendants based solely on an allegation that all the defendants infringe "related" patents, without any consideration of whether the claims involve the same transactions or occurrences, an approach that would violate overwhelming authority to the contrary. Moreover, the argument's factual premise is wrong, as the patents at issue are not related in any way. Because no supporting evidence exists, it is unsurprising that Plaintiff has failed to provide any evidentiary support for its bald contentions that the patent asserted against Kionix is related to the other patents-in-suit, or that Kionix or its products are related to the other defendants or products.

Second, Plaintiff opposes Kionix's motion to transfer based on the argument that Delaware was the only district where it could bring a single action against the multiple unrelated defendants in this action. This argument is also based on a faulty premise -- the misjoinder of the claim against Kionix. If Kionix was properly named as the sole defendant in a separate action, that action would have absolutely no ties to Delaware other than Kionix's incorporation here. Indeed, the facts presented by Kionix show that transfer of the claim against it to the Northern District of New York would best serve the convenience of the parties and witnesses and would be in the interest of justice, and therefore is warranted under 28 U.S.C. § 1404(a).

## II.     ARGUMENT

### A.     SEVERANCE OF THE CLAIM AGAINST KIONIX IS WARRANTED UNDER FED. R. CIV. P. 20(a) AND 21

####      a. Without a Common Transaction Or Occurrence, Severance of the Claims Against Kionix is Proper

In an effort to justify the misjoinder in this case, Plaintiff ignores the clear requirement of Rule 20 that joinder is only appropriate when there is **both**: (1) a right to relief predicated upon or arising out of a single transaction, occurrence, or series thereof; **and** (2) some question of law or fact common to all defendants. *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) ("In order to permit joinder, both tests must be satisfied."). Because neither prong of the test is satisfied, failure to sever the claim against Kionix would be improper.

Wacoh does not satisfy the first prong of the Rule 20(a) test because there is no single transaction or occurrence common to all defendants. The only patent asserted against Kionix is not asserted against any other defendant, which means that the "transactions" on which Wacoh's alleged causes of action against Kionix and the other defendants are premised are necessarily different. Moreover, as detailed in its Opening Brief, Kionix is completely unrelated to any of the other defendants in this action.[1] In fact, each of the defendants in this action is a competitor in the MEMS field. Further, not only are Kionix's accused sensors distinct in design and operation from the accused products offered by the other Defendants, they are also designed, developed, manufactured, and sold independently from the other defendants. D.I. 40, at ¶¶ 12-15.

---

[1]     Kionix notes that, in an apparent effort to undercut the co-pending motion to transfer filed by the other defendants in this case (D.I. 41), Wacoh's opposition (D.I. 47) contains numerous factual inaccuracies concerning those defendants and where their products are made or sold. Kionix will not rebut each of these misstatements, as they are largely irrelevant to the issue of joinder and transfer here. Instead, those allegations will likely be addressed in detail in the reply brief to be filed by Bosch, VTI, and InvenSense in support of their motion to transfer.

2

Instead of alleging that the multiple defendants are jointly and severally liable for the alleged infringement of the patents-in-suit, or providing any evidentiary support that defendants or their accused products are related – neither of which, of course, it is able to do – Plaintiff instead improperly attempts to shift the burden of proving improper joinder onto Kionix, alleging that Kionix failed to "properly support the claims in its motion" that its accused products are unrelated to the other defendant's accused products, and that these products were independently developed and sold. D.I. 47, at 17. However, as the party attempting to join defendants in a single action, it is the Plaintiff's burden to establish that joinder is proper. *See, e.g.*, *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009) ("[P]laintiff bears the burden of demonstrating that joinder is warranted under Rule 20."). In light of its Rule 11 pre-filing investigation, Plaintiff is the most knowledgeable party regarding the unrelated defendants' accused products. Not surprisingly, however, Plaintiff fails to provide a single shred of evidentiary support for the alleged relatedness of the disparate accused products. In sharp contrast, Kionix has presented actual evidence concerning the lack of similarity between the defendants' accused products. Gavin Decl., D.I. 40, at ¶¶ 11-15.

Indeed, Plaintiff sets forth only a single argument in opposition to severance: because the defendants have allegedly violated "related patents," "[t]here is therefore a close connection or substantial similarity between the patented devices at issue creating a common nucleus of operative facts and/or law and logical relationship necessary to satisfy Rule 20(a)'s series of transactions or occurrences and common questions of law or fact requirements." D.I. 47, at 18. However, the Plaintiff's argument is based on the faulty premise that the patents are "related" and violates the express requirement that **both** prongs of the Rule 20(a) test be satisfied for proper joinder. Indeed, Plaintiff's approach would permit joinder of claims in a single action

3

against multiple defendants based solely on an allegation that all the defendants infringe related patents, without any consideration of whether the claims involve the same transactions or occurrences. This approach would violate overwhelming authority to the contrary, as courts in this Circuit and many other jurisdictions have held that even where the same patent is asserted, "[a]llegations of infringement against two unrelated parties based on different acts do not arise from the same transaction. *See, e.g.*, *Androphy v. Smith & Nephew*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) ("[T]he common transaction requirement [of Fed. R. Civ. P. 20] has not been met" where "separate companies that independently design, manufacture and sell different products in competition with each other" are putatively joined in a patent infringement action.). Where, as in this case, different patents are asserted, joinder is even less proper.

        b. <u>Without a Question of Fact or Law Common to All Defendants, Severance of the Claim Against Kionix is Proper</u>

Plaintiff also fails to satisfy the second prong of the Rule 20(a). Instead of providing a factual basis for the allegation that there is a question of law or fact common to all the defendants, Wacoh simply alleges that there is a common question because there is a "close connection or substantial similarity" between the patented devices at issue. D.I. 47, at 18, citing *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 456 (E.D. Tex. 2004). Plaintiff fails to note that in *MyMail* and each of the other cases cited by Plaintiff to rebut Kionix's motion to sever, all the multiple defendants were accused of infringing **the same patent(s)**. *See MyMail, Ltd.*, 223 F.R.D. at 456 ("MyMail has sued [the multiple defendants] claiming they infringe [United States Patent No. 6,527,290]."); *N.J. Machine Inc. v. Alford Indus., Inc.*, 1991 WL 340196 at *1 (D.N.J. 1991) ("Infringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder of the new defendants."); *Eolas Techs, Inc. v. Adobe Systems, Inc.*, 2010 WL 3835762 at *1 (E.D. Tex. 2010) (plaintiff

4

"accuses twenty-three defendants of infringing U.S. Patent No. 5,838,906…and U.S. Patent No. 7,599,985…"). Plaintiff is unable to cite to any case where joinder of unrelated defendants was allowed where, as here, those defendants were accused of infringing different patents, as joinder is never proper in such a case.

Although Wacoh argues that the patent asserted against Kionix (the "'823 patent") is "related" to the other patents asserted against the other defendants, it fails to provide any evidentiary support for this allegation. Indeed, the '823 patent and the remaining patents-in-suit are from **two entirely different patent families**. McGuire Decl., ¶ 8. Further, the specification and the claims of the '823 patent are wholly dissimilar from the specification and the claims of the remaining patents. Accordingly, there is no common question of law or fact among all the defendants, and failure to sever the claim against Kionix would be improper.

      c.   <u>Severance Of Kionix Under Fed. R. Civ. P. 21 Is Warranted</u>

Lastly, Wacoh argues that severing the claims against Kionix from the present action would "decrease judicial efficiency." D.I. 47, at 19. In the present case, however, where there is neither a common question of law or fact nor a common set of transactions or occurrences, allowing the case to proceed against the unrelated defendants would result in confusion of the jury, judicial inefficiency, and unfair prejudice to Kionix.

**B.   TRANSFER OF THE CLAIM AGAINST KIONIX TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK IS PROPER UNDER 28 U.S.C. § 1404(a)**

Wacoh argues that transfer is improper because Kionix has not previously contested venue. D.I. 47 at 1. This argument is a red herring. The fact that this lawsuit was filed in a proper venue is irrelevant to whether it should be transferred to a significantly more convenient venue. *See, e.g., In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008) ("There often may be

5

multiple proper venues, although one, on the basis of a forum-selection clause or for other reasons, may be superior to the rest.").

> a. <u>The Private Interest Factors Strongly Favor Transfer</u>
>
> > i. *The Patent Venue Statute, 28 U.S.C. § 1400, Does Not Favor Any Forum*

Wacoh lists the patent venue statute, 28 U.S.C. § 1400, as a private interest factor that "favors Delaware." D.I. 47, at 6. However, the patent venue statute merely enumerates the various districts where a civil action for patent infringement can be brought by a patentee. Accordingly, although the statute enumerates Delaware and the Northern District of New York as possible venues for the claim against Kionix, it does not favor either venue over the other.

> > ii. *Plaintiff's Forum Choice is Accorded Little Weight*

Although a plaintiff's choice of forum is typically accorded substantial weight, the chosen forum is given less deference when it is not the plaintiff's "home turf." *See, e.g.*, *Mekiki Co., Ltd. v. Facebook, Inc.*, 2010 WL 2348740, at *4 (D. Del. 2010) ("[W]hen a Plaintiff's choice of forum is not his 'home turf' and one which has no connection to the operative facts of the lawsuit, the convenience to the plaintiff of litigating in his chosen forum is not as great and this reduction in convenience lessens the defendant's burden to show that the balance of convenience favors transfer."). Here, Delaware has no connection to the alleged operative facts of the lawsuit or either party other than Kionix's incorporation there. Accordingly, Plaintiff's forum choice is given less deference.

> > iii. *Defendant Has Set Forth Numerous Reasons as to Why the Defendant's Preferred Forum is the More Convenient Forum*

After setting forth a detailed argument as to why "[a] Court must defer to the plaintiff's choice of forum," Wacoh then argues that "the plaintiff and defendant's preference private interest factors collapse into other, more central, factors in the list, such as the convenience of the

6

parties and the location of documents." D.I. 47 at 3-5, 7. However, Kionix previously set forth several reasons as to why that district is significantly more convenient for the judicial system and both parties, including but not limited to the fact that all relevant records and witnesses reside within that district. *See generally*, D.I. 39; D.I. 40, at ¶¶ 4, 10.

### iv. The Claim Against Kionix Arose in the Northern District of New York

Wacoh argues that this factor collapses into the other listed factors and should not be considered separately. D.I. 47, at 7. However, courts in this district have continued to analyze this factor in the transfer analysis, including cases cited by Wacoh in its response. In its analysis of this factor, Wacoh focuses only on whether Kionix sells its accused devices in Delaware. D.I. 47, at 7-8. Sales of an accused product, however, provide only a tenuous connection to any particular forum because the same can be said of almost any district. Wacoh's analysis ignores the fact that the design, development, manufacturing, and commercialization of Kionix's accused products occurs within the boundaries of the Northern District of New York. D.I. 40, at ¶¶ 7-8.

### v. The Convenience of the Parties Strongly Favors Transfer

According to Wacoh, Delaware is the "most efficient and practical venue" for the current action because otherwise it "would be forced to file four separate suits across the country." D.I. 47, at 9. Clearly this is not the case, as the defendants in this case argue that two other districts would be more convenient districts for the pending suit. Again, Wacoh's arguments rely on the misjoinder of the claim against Kionix. Because Kionix should not have been named as a defendant together with the remaining defendants, Wacoh's argument is faulty, especially considering that Wacoh is equidistant from both districts. Indeed, Wacoh fails to make any assertion that litigating in New York would be more inconvenient than litigating in Delaware.

Wacoh further argues that this district is not inconvenient for Kionix because it is a large corporation. D.I. 47, at 9. If this were true, a large corporation would be unable to assert that a particular forum is inconvenient, a "truism" that simply does not hold true. *See, e.g.*, *Illumina, Inc. v. Complete Genomics*, 2010 WL 4818083, at *10 (D. Del. Nov. 9, 2010) (noting that "[t]he Northern District of California is convenient for the parties because their headquarters are located there"). Although the question of whether Kionix is in fact a large corporation is highly subjective, it is headquartered in Ithaca, New York, and all witnesses, documents, physical evidence, and even its counsel are located there, resulting in the case being significantly more efficient and less expensive if it were transferred to the Northern District of New York.

> *vi. The Convenience of the Witnesses and Location of Relevant Documents and Records Strongly Favors Transfer*

In its response, Wacoh argues that Kionix fails to identify non-party witnesses outside the subpoena power of the District of Delaware but within the subpoena power of the Northern District of New York, or "any relevant documents that … could not be produced in discovery in this district where it is incorporated." D.I. 47, at 11, 13. However, Kionix stated in its Opening Brief that the Northern District of New York has subpoena power over the patent prosecution firm based in New York City responsible for the '832 patent, D.I. 39, at 16-17, which includes at least one of the prosecutors at that firm (William R. Evans). Therefore, Kionix has indeed identified such a material non-party witness. More telling, however, is the fact that Wacoh fails to identify a single material witness located within the subpoena power of the Delaware District Court. The lack of any material witness in Delaware further weighs in favor of transfer. *See, e.g., Illumina, Inc.*, 2010 WL 4818083, at *10 (holding that the Plaintiffs' "failure to identify any material witness who resides in Delaware is discerning and weighs in favor of transfer.")

8

Further, Kionix has established by sworn testimony that the relevant documents in this case are located at Kionix's headquarters and facilities in the Northern District of New York, which favors transfer to that district. D.I. 40, at ¶ 10. This is in line with several recent cases holding that although documents could be produced in the transferor forum, the fact that they were located in the transferee forum weighed in favor of transfer. *See, e.g.*, *Illumina, Inc.*, 2010 WL 4818083, at *10. Although Wacoh attempts to distinguish *Illumina* from the facts of this case, it does so based on the improper misjoinder of the claim against Kionix. Accordingly, the Northern District of New York is the most logical and efficient forum for discovery.

      b.   The Public Interest Factors Strongly Favor Transfer

Although Wacoh argues that the public interest factors favor transfer, it makes several key errors in each analysis. For example, Wacoh attempts to manipulate the Federal Court Management statistics provided by Kionix to assert that "the relative administrative congestion" factor "actually favors Delaware." D.I. 47, at 15. This argument ignores overwhelming authority that any disparity in court congestion must be considerable to favor one forum over another. *See, e.g.*, *Illumina, Inc.*, 2010 WL 4818083, at *11 ("Although the parties presented various arguments and statistical reports concerning court congestion in the fora at issue, neither side clearly shows that the administrative difficulty resulting from court congestion weighs in favor of one forum over the other."). As Kionix noted in its Opening Brief, the differences between the fora in this case are so minor as to be negligible and thus this factor is neutral.

Further, Wacoh simultaneously argues that while patent rights "do not implicate local interests," the local interest in deciding the dispute factor "actually favors Delaware." D.I. 47, at 15-16. Although Kionix was the first to note that the District of Delaware has held that "[p]atent issues do not give rise to a local controversy or implicate local interests," Kionix also

9

cited a string of recent transfer cases at the Federal Circuit in which that court held that a party's principal place of business and the witnesses and local evidence can provide a local interest in a patent infringement case, D.I. 39, at 20, all of which Wacoh ignored.  Because Kionix's principal place of business is located in the Northern District of New York, and the company's scientists, employees, witnesses, and evidence are located there, this factor weighs in favor of Kionix.

Lastly, Wacoh argues that the "practical considerations" factor favors Delaware in part because the list of prior art references cited on the face of the '823 patent are largely coincident with the prior art references on the face of the different patents asserted against the remaining defendants.  This argument, however, has no bearing on this factor.  Any prior art cited by Kionix to invalidate the '823 patent will be based on the claims of the '823 patent, not necessarily on the list of applicant-cited or Examiner-cited prior art found on the face of the patent.  Indeed, several studies have shown that patents are more likely to be invalidated with prior art that is not cited to the Patent and Trademark Office during prosecution than prior art that is cited.[2]  Accordingly, because the claims of the '823 patent differ from the claims of the other asserted patents (all of which are unrelated to the '823 patent), any invalidating prior art cited by Kionix likely will be different from prior art cited by the remaining defendants.

### III.   CONCLUSION

For the foregoing reasons, Kionix respectfully requests that the Court sever the claim against it and transfer that claim to the Northern District of New York.

---

[2]   John R. Allison & Mark A. Lemley, *Empirical Evidence on the Validity of Litigated Patents*, 26 AIPLA Q.J. 185 (1998) (in over 50% of patent infringement suits between 1989 and 1996, challengers relied primarily on PTO-unconsidered prior art and used no PTO-considered art).

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                */s/ Rodger D. Smith II*

                Rodger D. Smith II (#3778)
                1201 North Market Street
                P.O. Box 1347
                Wilmington, DE  19899-1347
                (302) 351-9200
                rsmith@mnat.com

                *Attorneys for Defendant Kionix, Inc.*

*Of Counsel:*

George R. McGuire
Blaine T. Bettinger
BOND SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, NY 13202-1355
(315) 218-8000

March 24, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard K. Herrmann
> Mary Matterer
> MORRIS JAMES LLP
>
> Richard L. Horwitz
> POTTER ANDERSON & CORROON, LLP
>
> Elena C. Norman
> Pilar G. Kraman
> YOUNG CONAWAY STARGATT & TAYLOR, LLP

I further certify that I caused copies of the foregoing document to be served on March 24, 2011, upon the following in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann<br>Mary Matterer<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19806 | *VIA ELECTRONIC MAIL* |
| Matthew J.M. Prebeg<br>Stephen W. Abbott<br>Chris M. Faucett<br>CLEARNMANPREBEG LLP<br>815 Walker, Suite 1040<br>Houston, TX  77002 | *VIA ELECTRONIC MAIL* |
| Alisa Lipski<br>Goldstein & Vowell, LLP<br>1177 West Loop South<br>Suite 400<br>Houston, TX  77027 | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Richard L. Horwitz<br>POTTER ANDERSON & CORROON, LLP<br>1313 N. Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | *VIA ELECTRONIC MAIL* |
| Gianni Cutri<br>Jared Barcenas<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654 | *VIA ELECTRONIC MAIL* |
| Elena C. Norman<br>Pilar G. Kraman<br>YOUNG CONAWAY STARGATT &<br>  TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Andrew E. Monach<br>Marcelo Guerra<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105-2482 | *VIA ELECTRONIC MAIL* |
| Stuart J. Sinder<br>Mark A. Chapman<br>Matthew J. Fuast<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY 10004 | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)

2