IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WACOH COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 10-617-PD |
| | ) |
| ANALOG DEVICES, INC., ROBERT | ) |
| BOSCH LLC, KIONIX, INC., VTI | ) |
| TECHNOLOGIES, INC. and INVENSENSE, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

OF COUNSEL:
Gianni Cutri
Bradley W. Micsky
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
(312) 862-2000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 351-9200
rsmith@mnat.com

*Attorneys for Defendant
VTI Technologies, Inc.*

OF COUNSEL:
Stuart J. Sinder
Mark A. Chapman
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Robert Bosch LLC*

|  |  |
|---|---|
| | Young Conaway Stargatt & Taylor LLP |
| OF COUNSEL: | Elena C. Norman (#4780) |
| Andrew E. Monach | Pilar G. Kraman (#5199) |
| Marcelo Guerra | The Brandywine Building |
| Morrison & Foerster LLP | 1000 West Street, 17th Floor |
| 425 Market Street | Wilmington, DE 19801 |
| San Francisco, CA 94105-2482 | enorman@ycst.com |
| (415) 268-7000 | pkraman@ycst.com |

*Attorneys for Defendant InvenSense, Inc.*

March 31, 2011

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................2

    A. Wacoh Misstates Where Defendants Are Headquartered and Do Business ...........2

    B. Wacoh's Arguments Concerning the Private Interest Factors Are Unavailing ......................................................................................................................4

        1. Wacoh's Choice of Forum Is Not Dispositive Because It Is Not Litigating on Its "Home Turf" ..................................................................4

        2. Northern California Is Clearly More Convenient for All Parties................6

        3. Wacoh's Remaining Private Interest Arguments Are Unavailing ..............7

    C. Public Interest Factors Strongly Favor Transfer......................................................8

        1. Delaware Has No Special Interest In This Litigation.................................8

        2. The Enforcement of Judgment Factor Is Irrelevant In Patent Cases...........9

        3. "Practical Considerations" Do Not Favor Delaware ..................................9

        4. Wacoh Misconstrues Defendants' Judicial Efficiency Statistics ................9

III. CONCLUSION ...................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acuity Brands, Inc. v. Cooper Industries, Inc.*,
   C.A. No. 07-444, 2008 WL 2977464 (D. Del. July 31, 2008)...................................................8

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 2002) .......................................................................................4, 5

*EVCO Technology & Development Co., LLC v. Precision Shooting Equipment, Inc.*,
   379 F. Supp. 2d 728 (E.D. Pa. 2005) .......................................................................................9

*Gielata v. Heckmann,*
   C.A. No. 10-378, 2010 WL 3940815 (D. Del. Oct. 6, 2010).................................................5, 7

*In re Hoffmann-La Roche Inc.,*
   587 F.3d 1333 (Fed. Cir. 2009) ................................................................................................8

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008)................................................................................................8

*Mekiki Co., Ltd. v. Facebook, Inc.*,
   C.A. No. 09-745, 2010 WL 2348740 (D. Del. June 7, 2010) ...................................................4

*Qinetiq Ltd. v. Oclaro, Inc.,*
   C.A. No. 09-372, 2009 WL 5173705 (D. Del. Dec. 18, 2009).................................................4

*Virgin Wireless, Inc. v. Virgin Enterprises Ltd.*,
   201 F. Supp. 2d 294 (D. Del. 2002) .........................................................................................4

*Weber v. Basic Comfort Inc.*,
   155 F. Supp. 2d 283 (E.D. Pa. 2001).......................................................................................9

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................................................3

I.       **INTRODUCTION**

InvenSense, VTI, and Bosch's (collectively, "Defendants'") opening brief demonstrates that the Northern District of California would be substantially more convenient for Wacoh and the moving Defendants. InvenSense is headquartered, conducts all of its operations, and maintains all its relevant documents in that district. VTI, a small, California company with only four employees, would be substantially burdened by having to litigate in this forum. Bosch maintains a large research facility within the Northern District of California. Wacoh is a Japanese company that is located much closer to California than to Delaware, where Wacoh concedes it has no connection. And Kionix, based in New York, is accused of infringing a different patent that is not asserted against any of the moving Defendants, making severance and transfer of Wacoh's claims against Kionix proper and more efficient. Wacoh should not be able to avoid transfer simply by adding a another defendant that is closer to Delaware, when that defendant is not accused of infringing the patents asserted against InvenSense, VTI and Bosch, and those three defendants are not accused of infringing the patent asserted against Kionix. In sum, apart from the Defendants' incorporation, this case has absolutely no connection to Delaware.

Faced with this reality, Wacoh misstates the facts and relies on inapposite case law. In particular, and as explained below, Wacoh attempts to stitch together facts about Defendants' affiliates or parent companies, which Wacoh deliberately chose not to sue, and then impute those facts to the Defendants themselves. For example, Wacoh falsely claims that the Defendants are multinational companies that sell products "globally" and "directly" into Delaware. (D.I. 49 at 8-9.) In reality, the moving Defendants have no facilities, employees or documents, in Delaware, and two of them are regional companies with operations centered in or near the Northern District of California. Wacoh also relies on cases that denied transfer when Delaware

1

corporations sued each other (*id.* at 19), despite the fact that Wacoh is a Japanese corporation with no United States facilities. Finally, Wacoh ignores the facts showing that California would be more convenient for itself. (D.I. 42 at n. 7.) The facts in Defendants' moving papers remain unrebutted, and they support Defendants' request that this case be transferred to the Northern District of California.

## II.   ARGUMENT

### A.   Wacoh Misstates Where Defendants Are Headquartered and Do Business

Wacoh's Opposition repeatedly mischaracterizes the Defendants' places of business and their operations. Wacoh claims that Bosch operates in "more than 60 countries," that VTI is "a large, multi-national corporation," and that InvenSense "operates . . . official branches in Japan, Taiwan, Korea and Dubai." (D.I. 49 at 8-9; *id.*, Ex. A at 1.) As explained below, Wacoh's assertions are incorrect. But even if they were true and any of the Defendants was a large, multinational corporation, foreign conglomerate, or company with various branches in Asia, that would not support Wacoh's arguments that Delaware is more convenient than California – which is the only issue before the Court.

In any event, Wacoh's assertions are wrong. Defendant VTI Technologies, Inc. has one facility with four employees in Pasadena, California. (D.I. 45 ¶ 3.) Wacoh's continued, confusing claims that VTI has principal places of business in both Michigan and Finland (D.I. 49 at 2, 6, 9)[1] are unsupported, wrong, and ignore the unrebutted facts stated by VTI in every substantive pleading in this case, including by declaration. (D.I. 21 at 5; D.I. 45 ¶ 3.) Although

---

[1]   Specifically, Wacoh claims that: VTI's "primary office" is "in Michigan" (D.I. 49 at 2); VTI "maintain[s] headquarters" in "Michigan" (*id.* at 6); and VTI's "'headquarters and production facilities' are located in Vantaa, Finland" (*id.* at 9).

2

a company called VTI Technologies Oy is headquartered in Finland, Wacoh has not accused that company of infringement, making its operations and sales irrelevant.[2]

Similarly, Defendant Robert Bosch LLC has its principal operations in Michigan and Illinois, and a research facility in Palo Alto, California. (D.I. 46.) Wacoh points to website statements regarding Bosch's alleged "global" operations, but these statements relate to Robert Bosch GmbH, the German parent company of the Defendant Robert Bosch LLC. (D.I. 49, Ex. A, Ex. A.2.) Named defendant Robert Bosch LLC operates in the United States and has no facilities, employees, documents or direct customers in Delaware. (D.I. 46, ¶ 2.)[3]

Wacoh also repeatedly refers to InvenSense's Taiwan production operations and Asian sales operations. (D.I. 49 at 8, 10, 15.) Again, these are irrelevant because they concern the conduct of foreign subsidiaries. The named defendant InvenSense has its only facility, all of its employees, and all of its relevant documents, in the Northern District of California, not Delaware. (D.I. 44.)

At bottom, Wacoh is attempting to pick and choose facts related to various corporate entities that are not named in this action, and then improperly attributes those facts to the named Defendants. But Wacoh made a strategic decision to sue the U.S. entities that it did, and not to

---

[2]  Indeed, that entity's operations are outside the United States and thus irrelevant to Wacoh's claims of infringement under United States law against VTI Technologies, Inc.

[3]  Wacoh points to an unrelated patent litigation in Delaware between Robert Bosch LLC and a third party, which involved different patents, technology, documents and witnesses than this case. (D.I. 49 at 11-12.) At the same time, Wacoh fails to inform the Court that Wacoh is currently suing Bosch in Michigan (in a case transferred from Wisconsin) on a different Wacoh patent, which Wacoh has never sought to transfer to Delaware. Moreover, contrary to Wacoh's assertion, the appellate decision about personal jurisdiction more than 30 years ago in *Papendick v. Robert Bosch GmbH*, 410 A.2d 148 (Del. 1979) (D.I. 49 at 12 n.58), can hardly be considered evidence of Bosch's allegedly "long" and "regular" "litigation history" in Delaware, especially given that the defendant in this case, Robert Bosch LLC, was not a party to that appeal, and the defendant Robert Bosch GmbH obviously had not initiated that lawsuit.

sue foreign entities that it now points to in its opposition. Wacoh offers no justification for why the activities of the foreign entities should be attributed to the named Defendants. Having made the strategic decision to litigate against these Defendants, Wacoh cannot now insist that the Defendants be forced to litigate far from their home operations, based on foreign operations of unnamed parties even further away from Delaware.[4]

### B.  Wacoh's Arguments Concerning the Private Interest Factors Are Unavailing

#### 1.  Wacoh's Choice of Forum Is Not Dispositive Because It Is Not Litigating on Its "Home Turf"

Contrary to Wacoh's argument, its choice of forum is not dispositive. Delaware is not Wacoh's "home turf" or otherwise meaningfully connected to the facts of the case. Therefore Wacoh's choice of forum is accorded less weight. *See Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d 294, 300 (D. Del. 2002); *Mekiki Co., v. Facebook, Inc.*, C.A. No. 09-745, 2010 WL 2348740 (D. Del. June 7, 2010). Indeed, this Court has transferred actions (including to the Northern District of California) when foreign plaintiffs are not on their "home turf." *See Mekiki*, 2010 WL 2348740, at *3 (transferring litigation brought by Japanese plaintiff against defendant located in northern California); *Qinetiq Ltd. v. Oclaro, Inc.*, No. 09-372, 2009 WL 5173705, at *3 (D. Del. Dec. 18, 2009) (transferring litigation brought by U.K. plaintiff against defendant located in northern California).

Wacoh relies on *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 199 (D. Del. 2002) (D.I. 49 at 4) to argue that its forum choice is dispositive and should trump all other factors in the transfer analysis. But in *Affymetrix*, which involved a patent infringement lawsuit by a

---

[4] Wacoh's focus on Bosch, InvenSense and VTI's admissions that Delaware is a proper venue in their respective answers (D.I. 49 at 1, 19) is likewise misplaced. The instant motion is being brought under 28 U.S.C. § 1404(a) because the Northern District of California is more convenient than Delaware, not because Delaware is an improper venue.

California corporation plaintiff against two Delaware corporation defendants with principal places of business in the Northern District of California, this Court actually *granted transfer* to the Northern District of California. *Id.* at 194, 208-09. Thus, contrary to Wacoh's arguments, *Affymetrix* confirms precisely what Defendants argue here, namely, that when analyzing a transfer motion "the Court assumes that in selecting a forum plaintiffs make a choice that 'generally reflect[s] their rational and legitimate concerns, *including convenience to themselves and their witnesses*,'" but that:

> **[I]n the subsequent "balance of convenience" analysis, the Court puts aside the fact that the plaintiff selected a forum** and, instead, explores whether the plaintiff "offer[s any] substantive reasons . . . indicating that the convenience to it of litigating in [this forum] even approaches the inconvenience which trial in this forum will impose on the defendants and their witnesses."

*Id.* at 200 (emphasis added; brackets and ellipses in original). Here, Wacoh fails to argue that it would be more convenient for it to litigate in Delaware. Indeed, Wacoh fails even to respond to the facts set forth in Defendants' motion showing that transfer would actually be more convenient to Wacoh because of the lower cost and shorter travel time from Japan. (D.I. 42 at n. 7.) In light of this, the "balance of convenience" set forth in *Affymetrix* strongly favors transfer.[5]

Wacoh ignores these facts and instead insists that the inconvenience of litigating in Delaware is justified because it is "the only logical place" Wacoh could sue Bosch, InvenSense, VTI, *and Kionix* because there is "[n]o other forum [that] is common to all defendants." (D.I. 49 at 2-4, 6-7, 10-13.) But this argument is based on two false premises. First, Wacoh incorrectly

---

5     Wacoh similarly mischaracterizes *Gielata v. Heckmann*, C.A. No. 10-378, 2010 WL 3940815 (D. Del. Oct. 6, 2010), in its arguments regarding the "unique" burden to show transfer. *Gielata* involved securities and corporate law claims relating to a merger between two Delaware corporations with concurrent Delaware Chancery Court litigations. *Id.* at *2. The *Gielata* defendants were a corporation and selected officers and directors, all of whom were scattered across the country with no clear transfer forum for all defendants. *Id.* Here, the Northern District of California is the more appropriate forum for every affected party (InvenSense, VTI, Bosch and Wacoh).

assumes that its claims against Kionix on a different patent are properly joined in this action, which, for the reasons explained by Kionix in its motion to sever and transfer, they are not. (D.I. 39, D.I. 50.) Wacoh cannot rely on its misjoinder of Kionix to resist transfer for Bosch, InvenSense, and VTI. Second, Wacoh incorrectly assumes that the remaining defendants, VTI, InvenSense, and Bosch, could only be sued in Delaware, but they could also have been sued in California.

### 2. Northern California Is Clearly More Convenient for All Parties

Wacoh does not dispute that litigating this action in the Northern District of California would be more convenient for all parties, and indeed it cannot do so: Bosch, InvenSense, and VTI all have operations in California (D.I. 42 at 2-6), and, for Wacoh itself, California is an easier trip from Japan that saves both time and money for any Wacoh employees who must travel to the United States. (*Id.* at n. 7.)

Wacoh instead insists that the Defendants "maintain offices and production facilities in scattered U.S. states and foreign countries." (D.I. 49 at 10.) But, as shown above, while certain non-parties have foreign production facilities and offices, VTI and InvenSense operate solely in California and Bosch maintains a facility there. The Defendants, like Wacoh, have no operations, employees, or relevant documents in Delaware. As such, the Northern District of California is clearly more convenient for InvenSense (whose only facility is located there), Bosch (which maintains a large research facility there), and VTI (whose four employees and only facility are in Pasadena, California) (D.I. 44, D.I. 45, D.I. 46), than Delaware, where none of the Defendants has any facilities, employees or documents. Defendants have thus met their

burden to establish that defending Wacoh's claims in Delaware would indeed "pose unique or unusual burdens on their operations."[6] *Id.* (citing *Gielata*, 2010 WL 3940815).

### 3. Wacoh's Remaining Private Interest Arguments Are Unavailing

Wacoh does not dispute that the location of many of the Defendants' documents and technical materials are located in, or near, the Northern District of California. InvenSense's only facility is within the Northern District and VTI's only facility, where all of its documents and technical materials would be, is located a short flight away. (D.I. 44, 45.) Additionally, InvenSense and VTI both have information stored in proprietary formats that would most easily be produced at or near their facilities. Wacoh cannot counter these clear facts and instead argues again that its misjoinder of Kionix makes Delaware "the most logical forum for discovery" because it is where all Defendants are incorporated. (D.I. 49 at 17.) But the Defendants' state of incorporation bears no relation to where relevant documents or witnesses are located—especially when no Defendant maintains a facility of any kind in Delaware.

Similarly, Wacoh spends three pages of its brief asserting that it would somehow be more convenient for VTI's and InvenSense's witnesses to travel across the country. (D.I. 49 at 13-17.) This is obviously not correct. With respect to third parties, while at this early stage before discovery there is no known third-party witness who would impact the transfer analysis, this factor does not weigh against transfer. Instead, it is neutral, as Wacoh must acknowledge, since it has not identified any third-party witnesses who can only be brought to trial in Delaware.

Lastly, Wacoh's arguments concerning "where the claims arose" are factually inaccurate and misleading. (D.I. 49 at 7-9.) Wacoh again improperly conflates the operations of Bosch,

---

[6] For example, requiring one of VTI's four employees to travel across the country for several days in order to attend Delaware hearings or trial would substantially impede the day-to-day operations of VTI. (D.I. 45 ¶ 6.)

7

InvenSense, and VTI with other companies that are not named parties to this action. (*Id.*) Further, to the extent Wacoh's scattershot arguments address the Defendants' operations, Wacoh offers no evidence showing that this action is uniquely connected to Delaware. (*Id.*)

### C.     Public Interest Factors Strongly Favor Transfer

#### 1.     Delaware Has No Special Interest In This Litigation

The Northern District of California has a stronger interest in this action than Delaware, as the moving Defendants all have ties to the Northern District of California. (*See* D.I. 44; D.I. 45; D.I. 46.) Wacoh offers no evidence to the contrary. Wacoh instead misconstrues the holding in *Acuity Brands, Inc. v. Cooper Industries, Inc.*, C.A. No. 07-444, 2008 WL 2977464 (D. Del. July 31, 2008), to assert that Delaware has a special interest in this case. In *Acuity Brands*, which involved a plaintiff and a defendant incorporated in Delaware, the Court held that "Delaware . . . has a substantial interest in maintaining lawsuits ***brought by its corporate citizens*** and ***between Delaware corporations***." *Id.* at *2 (emphasis added). In contrast, this action was brought by a Japanese corporation that is not a Delaware "corporate citizen." This is not a case "between Delaware corporations"; and Delaware has no "substantial interest" in this case.

Wacoh's attempt to argue that Defendants' alleged sales provide a local interest in Delaware also falls flat. Defendants' products are not sold directly to individual consumers and Wacoh provides no evidence of any sales to any consumers, companies, or manufacturers in Delaware. Even if Wacoh had provided evidence of Delaware sales, they would not create any "more or less meaningful connection to th[e] case." *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008); *In re Hoffmann-La Roche Inc.,* 587 F.3d 1333, 1336 (Fed. Cir. 2009).

8

### 2. The Enforcement of Judgment Factor Is Irrelevant In Patent Cases

Wacoh's reliance on the "enforcement of judgment factor" makes no sense. This factor is neutral to the transfer analysis in patent cases because these cases deal with federal laws applied in federal courts. *EVCO Tech. & Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 732 (E.D. Pa. 2005); *Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 286-87 (E.D. Pa. 2001).

### 3. "Practical Considerations" Do Not Favor Delaware

Wacoh asserts that "practical considerations" favor Delaware because Delaware is the only district where Wacoh could bring suit against all remaining Defendants — Kionix, VTI, InvenSense, and Bosch — in order to eliminate multiple courts' adjudicating issues related to Wacoh's patents. (D.I. 49 at 18.) As explained above, this argument is incorrect because Wacoh's claims against Kionix should be severed and the remaining defendants can be sued in California.[7] *See, supra,* Section II.B.1.

### 4. Wacoh Misconstrues Defendants' Judicial Efficiency Statistics

The Federal Judicial Case Management Statistics cited by Defendants show that this factor strongly favors transfer. The average time-to-trial is six months faster in the Northern District of California than in the District of Delaware. Wacoh's only argument on this point is merely that because the Northern District of California has more cases, it must be more congested. (D.I. 49 at 18-19.) But the average time to trial statistic shows this not to be the case.

---

[7] Although Wacoh insists that the different patents asserted against Kionix and against Bosch, VTI and InvenSense are "closely related" (D.I. 49 at 18 n.77), involve "a large volume of identical prior art references" (*id.* at 2) and will require a court "to make claim constructions of same or related terms" (*id.* at 18), Wacoh points to no evidence to support these conclusory assertions. In fact, the different patent asserted against Kionix is unrelated to the patents asserted against the other defendants, and Wacoh has not identified any overlapping claim construction issues or prior art.

Additionally, Wacoh's argument that there is a greater caseload per judge is misleading because Delaware not only has a longer time to trial but also has vacant judgeships that necessitate judges from nearby districts to sit by designation to assist with the caseload. Delaware's longer time to trial and higher congestion demonstrate that a transfer would serve judicial efficiency.

### III. CONCLUSION

For the foregoing reasons, Wacoh's opposition arguments are unavailing and the various private and public interest transfer factors strongly favor transfer of this action from Delaware to the Northern District of California. Defendants Bosch, VTI, and InvenSense respectfully request that their motion to transfer this action to the Northern District of California be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

OF COUNSEL:
Gianni Cutri
Bradley W. Micsky
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
(312) 862-2000

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 351-9200
rsmith@mnat.com

*Attorneys for Defendant*
*VTI Technologies, Inc.*

POTTER ANDERSON & CORROON LLP

*/s/ Richard L. Horwitz*

OF COUNSEL:
Stuart J. Sinder
Mark A. Chapman
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Robert Bosch LLC*

|  | YOUNG CONAWAY STARGATT & TAYLOR LLP |
|---|---|
|  | */s/ Pilar G. Kraman* |
| OF COUNSEL: | Elena C. Norman (#4780) |
| Andrew E. Monach | Pilar G. Kraman (#5199) |
| Marcelo Guerra | The Brandywine Building |
| MORRISON & FOERSTER LLP | 1000 West Street, 17th Floor |
| 425 Market Street | Wilmington, DE 19801 |
| San Francisco, CA  94105-2482 | enorman@ycst.com |
| (415) 268-7000 | pkraman@ycst.com |
|  | *Attorneys for Defendant InvenSense, Inc.* |

March 31, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Richard K. Herrmann
>Mary Matterer
>MORRIS JAMES LLP
>
>Richard L. Horwitz
>POTTER ANDERSON & CORROON, LLP
>
>Elena C. Norman
>Pilar G. Kraman
>YOUNG CONAWAY STARGATT & TAYLOR, LLP

I further certify that I caused copies of the foregoing document to be served on March 31, 2011, upon the following in the manner indicated:

| | |
|---|---|
| Richard K. Herrmann<br>Mary Matterer<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19806 | *VIA ELECTRONIC MAIL* |
| Matthew J.M. Prebeg<br>Stephen W. Abbott<br>Chris M. Faucett<br>CLEARNMANPREBEG LLP<br>815 Walker, Suite 1040<br>Houston, TX 77002 | *VIA ELECTRONIC MAIL* |
| Alisa Lipski<br>Goldstein & Vowell, LLP<br>1177 West Loop South<br>Suite 400<br>Houston, TX 77027 | *VIA ELECTRONIC MAIL* |
| Richard L. Horwitz<br>POTTER ANDERSON & CORROON, LLP<br>1313 N. Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951 | *VIA ELECTRONIC MAIL* |

2

| | |
|---|---|
| George R. McGuire<br>Blaine T. Bettinger<br>BOND SCHOENECK & KING, PLLC<br>One Lincoln Center<br>Syracuse, NY 13202-1355 | *VIA ELECTRONIC MAIL* |
| Elena C. Norman<br>Pilar G. Kraman<br>YOUNG CONAWAY STARGATT &<br>   TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Andrew E. Monach<br>Marcelo Guerra<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105-2482 | *VIA ELECTRONIC MAIL* |
| Stuart J. Sinder<br>Mark A. Chapman<br>Matthew J. Faust<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY  10004 | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)

2