# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WACOH COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:10-cv-00617-PD |
| | § | |
| ANALOG DEVICES, INC., | § | |
| ROBERT BOSCH LLC, | § | Honorable Paul S. Diamond |
| KIONIX, INC., | § | |
| VTI TECHNOLOGIES, INC. and | § | |
| INVENSENSE, INC., | § | |
|     Defendants. | § | |

### WACOH'S OBJECTIONS AND RESPONSE TO DEFENDANTS VTI TECHNOLOGIES, INC. AND INVENSENSE, INC.'S IMPROPER SUPPLEMENTAL STATEMENT IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Tel. (302) 888-6800
Fax (302) 571-1750
Email: rherrmann@morrisjames.com
Email: mmatterer@morrisjames.com

*Attorneys for Plaintiff Wacoh Company*

*OF COUNSEL*:

CLEARMANPREBEG LLP
Matthew J.M. Prebeg (Admitted *Pro Hac Vice*)
(Texas Bar No. 00791465)
815 Walker, Suite 1040
Houston, Texas 77002
Phone: (713) 223-7070
Facsimile: (713) 223-7071
mprebeg@clearmanprebeg.com

9 September 2011

On September 2, 2011, defendants VTI Technologies, Inc. ("VTI") and InvenSense, Inc. ("InvenSense") (referred to collectively here as "defendants"), filed a "Supplemental Statement Regarding Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (a)" (D.I. 55) purporting to supplement defendants' motion to transfer venue at D.I. 41.  Plaintiff Wacoh Company ("Wacoh") objects and responds as follows.

## I. DEFENDANTS' SUPPLEMENTAL STATEMENT IS IMPROPER AND DISALLOWED UNDER L.R. 7.1.2(b).

Defendants' "supplemental statement" is disallowed under the Federal Rules of Civil Procedure and this Court's local rules, and should not be considered.  Defendants state, without further explanation, that their "supplemental statement" is filed "pursuant to Local Rule 7.1.2(b)."  (D.I. 55 at 1.)  This Court's Local Rule 7.1.2(b), however, disallows any pleadings without Court approval beyond a movant's reply brief, other than to alert the Court to subsequently issued, applicable case law authority directly bearing upon the Court's analysis of the pending motion.  The rule clearly states, after discussing the seven-day deadline for a movant to file a reply to any opposition:

> *Except for the citation of subsequent authorities, no additional papers shall be filed absent Court approval.*

L.R. 7.1.2(b) (emphasis added).

Defendants' supplemental statement, however, cites no "subsequent authorities," nor did defendants seek or receive Court approval for filing it.  *See generally* D.I. 55.  The one and only case cite in the supplemental statement is one from 2010 that is discussed at length in the parties underlying briefing.[1]  It is neither "subsequent" to defendants' reply memorandum temporally or in the sense of having been overlooked.

---

[1] Defendants cite the case so often in their motion, in fact, they have to resort to the general "*passim*" citation for it in their Table of Authorities.  *See* defendants' motion memorandum (D.I.

1

Thus, not only is defendants' supplemental statement barred by L.R. 7.1.2(b) for failing to cite any "subsequent authorities," it also violates the rule because defendants failed to seek or receive the Court's approval before filing it. The pleading violates the very rule defendants cite as their sole authority for filing it, and it therefore should be disregarded.

II. **DEFENDANTS' SUPPLEMENTAL STATEMENT FAILS TO ADDRESS OR REBUT WACOH'S EARLIER ARGUMENTS, ADDS NOTHING TO THE VENUE ANALYSIS, AND THUS FAILS TO SUPPORT DEFENDANTS' MOTION.**

Even if the supplemental statement were to be considered, which it should not be under L.R. 7.1.2(b), the arguments defendants rehash in the statement still fail on the merits. VTI and InvenSense now argue Wacoh's recent dismissal of Bosch, which previously joined in their motion to transfer venue, somehow weakens the case for this Court remaining as the venue for Wacoh's suit against them – even though both are Delaware corporations.

The merits of maintaining Delaware jurisdiction over these Delaware corporations, however – and thus Wacoh's arguments opposing VTI and InvenSense's motion to transfer – are not, in any way, dependent upon Bosch remaining in the case. Bosch's dismissal changes nothing, and VTI and InvenSense still fail to address the substantive arguments directly relating to them in Wacoh's opposition memorandum and also still fail to meet their burden of showing the factors weigh "strongly in favor of transfer" in a way sufficient to disturb the "paramount" consideration under the test: plaintiff's choice of forum. *See* D.I. 49 at 6-7 (Page I.D.# 513-14).

VTI and InvenSense are Delaware corporations and have been incorporated here for years. *See* D.I. 49 at 3 (Page I.D.# 510). The defendants now claim it would be inconvenient to litigate where they chose to incorporate and seek to transfer the case to the Northern District of

---

42) at ii (Page I.D.# 403). Wacoh also discussed and distinguished the case in its opposition memorandum, as discussed further here. *See* Wacoh's opposition memorandum (D.I. 49) at ii (Page I.D.# 504), *et seq*.

California. Both VTI and InvenSense, however, are global companies with sales and operations around the world and cannot reasonably argue hardship or prejudice, as discussed in Wacoh's opposition. *See* D.I. 49 at 8-12 (Page I.D.# 515-19).

Even in their recent improper "supplemental statement," defendants still fail to address the fact they, as the movants, must show the "balance of convenience and the interests of justice" *strongly* weigh in favor of transfer, and that they have the "responsibility to prove that litigating in the plaintiff's [chosen] forum [Delaware] 'would pose a unique or unusual burden on its operations.'" *See* D.I. 49 at 5 (Page I.D.# 512), *citing Gielata v. Heckman*, C.A. No. 10-378-LPS-MPT, 2010 WL 3940815 (D. Del. Oct. 6, 2010) at *2. In Delaware, as discussed in Wacoh's opposition, mere "inconvenience to a defendant is insufficient to warrant transfer." *Id*. Both defendants also still fail to address or explain, for example, why they previously explicitly admitted venue to be proper here in their answers to Wacoh's complaint and in choosing to request a jury and to bring counterclaims against Wacoh in this Court. *See id.*, D.I. 49 at 1 (Page I.D.# 508), n. 4.

### III. THE ONLY CASE CITED IN DEFENDANTS' SUPPLEMENTAL STATEMENT IS DISCUSSED AT LENGTH IN THE PARTIES' BRIEFING, IS DISTINGUISHABLE, AND FAILS TO SUPPORT DEFENDANTS' CLAIMS.

Moreover, the case defendants relied on heavily in their initial motion, and the only case they cite in their "supplemental statement" – *Illumina, Inc. v. Complete Genomics*, C.A. No. 10-649, 2010 WL 4818083 (D. Del. November 9, 2010) – is, as discussed in Wacoh's opposition, distinguishable and does not support changing venue in our case.

As discussed in Wacoh's opposition, this Court, in *Illumina*, noted that the "location of documents and witnesses" factor – a factor for which *Illumina* was the defendants' sole, cited authority – weighed only "*minimally* in favor of transfer" away from Delaware in that case, even

3

where all the involved parties were based in California.  *See* Wacoh's response memorandum (D.I. 49) at 60 (Page I.D.# 523); *see also Illumina*, 2010 WL 4818083 at * 4.

Even if all the venue factors here, on balance, were slightly to favor transfer, however – which, as explained in Wacoh's opposition memorandum, they do not, instead weighing strongly in favor of Delaware venue – that still would not be enough to overcome the strong presumption in favor of the plaintiff's chosen forum under applicable law.  *Id.* at 60 (Page I.D.# 523), n.73, *citing Gielata v. Heckman*, C.A. No. 10-378-LPS-MPT, 2010 WL 3940815 (D. Del. Oct. 6, 2010) at *2.  Defendants fail to acknowledge, let alone rebut, this or any other case law cited in Wacoh's opposition memorandum.  Defendants also fail to cite any new authority, or to address the several other venue analysis factors overwhelmingly favoring Delaware.

Also, as explained in plaintiff's opposition, *Illumina* is distinguishable because, unlike here, all of the parties in *Illumina* – both plaintiff and defendants – had their principal places of business in California (San Diego and Mountain View, California, respectively).  *Illumina*, 2010 WL 4818083, at *1.  Also in *Illumina*, *both plaintiff and defendants* had offices in the Northern District of California, where the defendant sought to transfer the case (Hayward and Mountain View, California – both in the San Francisco Bay area.  *Id*. at *1).

That is not the case here.  Here, VTI and InvenSense misleadingly claim, in their supplemental statement that:

> The facts show that VTI and InvenSense have their operations and personnel *entirely in California*, which would make litigating thousands of miles away a burden on their respective business operations.

D.I. 55 at 2 (Page I.D.# 618) (emphasis added).

The facts, however, actually show InvenSense's production facilities are in Taiwan [*See* Wacoh's opposition, D.I. 49 at 10 (Page I.D.# 517), *citing* Nasiri Decl., filed by InvenSense, D.I.

4

44 at 3, ¶ 7], and that InvenSense has offices in "Taiwan, Korea, Japan, and Dubai" [D.I. 49, Ex. A.5 (Page I.D.# 557)]. Defendant VTI's "headquarters and production facilities are located in Vantaa, Finland" [D.I. 49, Ex. A.4 (Page I.D.# 546)], and it states on its website that it maintains only a U.S. "sales office" in Pasadena (Southern), California (*Id.*, D.I. 49 at Page I.D.# 546-47).

Unlike in *Illumina*, all of the parties here – plaintiff and defendants – are not located in California, nor do all parties, as in *Illumina*, maintain offices in the Northern District of California. Plaintiff Wacoh is a foreign corporation with no U.S. offices. (D.I. 49 at 2, Page I.D.# 509). Only one party here, InvenSense, has an office in northern California (in the district where defendants seek to transfer the case). Although VTI apparently has a "sales office" (but not "headquarters" or "production facilities") in California, that office is in Pasadena (southern), California, outside the Northern District of California where defendants seek to transfer this case.

Thus, the claim, in VTI and InvenSense's supplemental statement, that both defendants' "operations and personnel" are "*entirely in California*," is manifestly false. The single case defendants selectively focus on in their supplemental statement, *Illumina*, is also distinguishable and does not support their motion, particularly given the weight of the factors discussed in Wacoh's opposition – all of which defendants continue to ignore. *See* D.I. 55 at 2 (Page I.D.# 618) (emphasis added).

## IV. CONCLUSION.

Defendants' supplemental statement fails to cite any "subsequent authority, lacks prior permission from the Court, and thus is improper and disallowed under this Court's rules. The supplemental statement, in any case, adds nothing to the venue analysis at hand – failing to address or rebut any of Wacoh's arguments in opposition to the motion to transfer venue, including the fact the sole case they reiterate here is distinguishable, and that defendants have

5

failed to meet their burden of making a "strong showing" that plaintiff's "paramount" choice of venue should be disturbed. Wacoh asks the Court to disregard defendants' supplemental statement and deny their motion to transfer.

|  |  |
|---|---|
| *OF COUNSEL:*<br><br>CLEARMANPREBEG LLP<br><br>    */s/ Matthew J.M. Prebeg*    <br>  Matthew J.M. Prebeg (Texas Bar #00791465)<br>  815 Walker, Suite 1040<br>  Houston, Texas  77002<br>  Tel.:   (713) 223-7070<br>  Fax:   (713) 223-7071<br>  Email: mprebeg@clearmanprebeg.com |     */s/ Richard K. Herrmann*    <br>  Richard K. Herrmann (#405)<br>  Mary B. Matterer (#2696)<br>  MORRIS JAMES LLP<br>  500 Delaware Avenue, Suite 1500<br>  Wilmington, DE 19801<br>  Tel.:   (302) 888-6800<br>  Fax:   (302) 571-1750<br>  Email: rherrmann@morrisjames.com<br>  Email: mmatterer@morrisjames.com<br><br>**COUNSEL FOR PLAINTIFF,<br>  WACOH COMPANY** |