# Morris James LLP

Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

December 22, 2011

*Via CM/ECF and U.S. MAIL*
The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

RE: *Wacoh Company v. Analog Devices, Inc., et al.*, C.A. No. 10-617-RGA

Dear Judge Andrews:

This responds to your request, at the December 20, 2011, oral argument, that the parties provide a short letter on whether the Northern District of California properly could have exercised personal jurisdiction over defendant VTI, at the time the lawsuit was filed, had Wacoh sued VTI there instead of in Delaware.

The short answer is yes, we believe the Northern District of California could exercise personal jurisdiction over VTI. Given the widespread sale and use of the products at issue, we suspect that personal jurisdiction in a patent case could be exercised over each of the defendants in almost any federal district in the United States.

To respond to the Court's specific question – considering VTI in isolation and divorced from the § 1404 transfer context – we believe the Northern District of California also likely could exercise personal jurisdiction over VTI in light of VTI's ongoing business presence in the state as a whole. Any federal district court also would have subject matter jurisdiction, since patent infringement is a federal question and defendants' alleged infringement of the patents-in-suit in this case is nationwide (including in Delaware, where all are incorporated).[1]

In patent infringement cases, Federal Circuit law applies to determine jurisdictional issues.[2] The Federal Circuit, however, in reviewing jurisdiction over an out-of-state defendant,

---

[1] Although the convenience analysis of 28 U.S.C. § 1404 is a separate issue to be considered that should bar transfer here, the Federal Circuit has interpreted the patent venue statute, 28 U.S.C. § 1400, to permit suit, as an initial matter, against alleged infringers in any district where they properly would be subject to personal jurisdiction. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990).

[2] *Picturewall Co., Inc. v. Rice*, C 09-5442 PJH, 2010 WL 1753209 *1 (N.D. Cal. Apr. 29, 2010), citing *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009).

2090386

500 Delaware Avenue, Suite 1500 | Wilmington, DE 19801-1494    T 302.888.6800    F 302.571.1750
Mailing Address    P.O. Box 2306 | Wilmington, DE 19899-2306    www.morrisjames.com

The Honorable Richard G. Andrews
December 22, 2011
Page 2

Morris James LLP

looks to the relevant state's long-arm statute and whether personal jurisdiction would violate due process.[3] "California's long-arm statute," however, "is coextensive with the limits of due process, so 'the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process.'"[4]

"Due process," in turn, "requires that the defendant have 'certain minimum contacts' with a foreign forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[5] We therefore believe VTI's southern California sales office and operations likely would constitute sufficient contacts with the State of California to allow the Northern District of California to exercise personal jurisdiction over it in a hypothetical patent suit where, as in this case, infringement is alleged to have occurred nationwide.

That fact, however, is not relevant to Kionix's motion to sever or to the Court's consideration of the convenience issues that must determine the three defendants' motions to transfer. As argued, this Court is the most logical and maximally efficient forum for this case, defendants fail to meet their heavy burden of proof to show otherwise, and so their motions should be denied.

Respectfully,

Kenneth L. Dorsney (I.D. #3726)
Kdorsney@morrisjames.com

KLD/tah

---

[3] *Picturewall* at *1, citing *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324 (Fed. Cir. 2008).
[4] *Picturewall* at *1, citing *Autogenomics*, 566 F.3d at 1016; see also Cal.Civ.Proc. Code § 410.10
[5] *Picturewall* at *1, citing *Avocent*, 552 F.3d at 1329.