## Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Michael J. Flynn
302 351 9661
302 498 6217 Fax
michael.flynn@mnat.com

December 22, 2011

The Honorable Richard G. Andrews  **VIA ELECTRONIC FILING**
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

RE: *Wacoh Company v. Analog Devices, Inc., et al.*, C.A. No. 10-617-RGA

Dear Judge Andrews:

VTI Technologies, Inc. ("VTI") writes to confirm that Wacoh could have brought this lawsuit in the Northern District of California ("NDCA") because VTI is subject to personal jurisdiction there and venue is likewise proper in the NDCA.

Under California's long-arm statute, personal jurisdiction exists if its exercise comports with federal due process. Cal. Code Civ. P. § 410.10; *Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal. 4th 434, 444 (1996). Under the due process analysis, the Federal Circuit[1] has "outlined a three-prong minimum contacts test for determining if specific jurisdiction exist[s]: (1) whether the defendant purposefully directed its activities at residents of the forum, (2) whether the claim arises out of or relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair." *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998). As Mr. Smyser, the General Manager at VTI states in the accompanying declaration[2], VTI offered for sale substantial amounts of the accused products (the SCC1300-D02 and other sensors that "use the same or similar detection of angular velocity" (D.I. 1 at ¶ 19)) in the NDCA well before Wacoh filed its July 20, 2010 Complaint. (Second Smyser Decl. at ¶ 3-6.) Specifically, the SCC1300 and other similar products were offered for sale to at least two very large companies whose headquarters are and were in Sunnyvale, CA and Fremont, CA, both of which are in the NDCA. *Id.* In furtherance of these offers, VTI's representatives traveled to the NDCA, corresponded with these companies by email, and provided accused products and price quotations. *Id.* VTI's representatives worked directly with one of these companies to evaluate and qualify the SCC1300 for use and sale. *Id.* These activities all took

---

[1] "[W]hen analyzing personal jurisdiction for purposes of compliance with federal due process, Federal Circuit law, rather than regional circuit law, applies." *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998).

[2] The Smyser declaration contains confidential details concerning VTI's business operations and is being filed under seal herewith, pursuant to D. Del. LR 26.2. VTI respectfully requests that, to the extent possible, any decision on this matter preserve the confidentiality concerning the names of VTI customers.

The Hon. Richard G. Andrews
December 22, 2011
Page 2

place prior to July 20, 2010 and are more than sufficient to establish personal jurisdiction in NDCA for this case.

First, VTI's efforts to market and sell the accused products were purposefully directed at companies in the NDCA. *See 3D Sys., Inc.*, 160 F.3d at 1378 (defendant's emails, price quotes and samples sent to California companies were purposefully directed to residents of forum). Second, VTI's offers and delivery of allegedly infringing products in the NDCA likewise could give rise to Wacoh's patent infringement cause of action. *See id.* at 1379 (sending price quotes, even where quotes stated that they were not offers, were nonetheless "offers" under 271(a) and gave rise to infringement cause of action under patent statute); *Beverly Hills Fan Co.*, 21 F.3d at 1565-66, 1570-71 (shipping allegedly infringing products gave rise to infringement cause of action). Finally, jurisdiction over VTI in the NDCA is constitutionally reasonable in this case because VTI purposefully conducted business there.[3] *See 3D Sys., Inc.*, 160 F.3d at 1379-80.

Venue is also proper in the NDCA. The patent venue statute, 28 U.S.C. § 1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides . . . ." In *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583-84 (Fed. Cir. 1990), the Federal Circuit held that where a corporation "resides" for venue purposes is analyzed under the definition provided by 28 U.S.C. § 1391(c):

> a defendant that is a corporation shall be deemed to reside in ***any judicial district in which it is subject to personal jurisdiction*** at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, ***such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction*** . . . .

(emphasis added). Therefore, the test for whether a defendant resides in a jurisdiction, and consequently whether venue is proper, is "whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced." *VE Holding*, 917 F.2d at 1584; *Trintec Indus., Inc. v. Pedre Prom. Prods., Inc.* 395 F.3d 1275, 1280 (Fed. Cir. 2005) ("Venue in a patent action against a corporate defendant exists wherever there is personal jurisdiction."). This means that "no separate venue inquiry is necessary" when personal jurisdiction exists in a given judicial district. *Trintec*, 395 F.3d at 1280. Here, venue is proper in the NDCA because VTI is subject to personal jurisdiction there. *See VE Holding*, at 1584.

28 U.S.C. § 1391(b), alleged by Wacoh as making venue proper in Delaware (D.I. 1 at ¶ 8), would also have made the NDCA a proper venue for Wacoh's suit against InvenSense and VTI. Under § 1391(b)(1) venue is found in "a judicial district where any defendant resides, if all defendants reside in the same State." InvenSense had and has its principal place of business in the NDCA (D.I. 44 (Nasiri Decl.) at ¶¶ 3-6) and VTI had and has its principal place of business in the same state (D.I. 45 (Smyser Decl.) at ¶¶ 3-5).

---

[3] Moreover, the "burden [is] on the party over whom jurisdiction is sought to prove that jurisdiction would be constitutionally unreasonable." *3D Sys., Inc.*, 160 F.3d at 1379-80. Here, VTI makes no such argument, and has indeed consented to personal jurisdiction in the NDCA with respect to this action. 12/20/2011 Hearing Tr. at 47:17-19.

The Hon. Richard G. Andrews
December 22, 2011
Page 3

                                        Respectfully submitted,

                                        */s/ Michael J. Flynn*

                                        Michael J. Flynn (#5333)


cc:   Clerk, U.S. District Court (By CM/ECF)
       All Counsel of Record (By CM/ECF and E-mail)